### 4210. Mosley *v.* The State.

Hill, C. J.   1. The trial judge instructed the jury on the subject of evidence relating to the good character of the accused, as follows: "There has been proof of good character of the defendant submitted in evidence. You consider that testimony along with the other testimony in the case and endeavor to arrive at. the truth of the transaction." *Held:* This instruction was not erroneous. The question is fully controlled by the decision of the Supreme Court in the case of *Brazil* v. *State,* 117 *Ga.* 32 (43 S. E. 460). Certainly, in the absence of a written request for a more specific charge as to the weight and effect which the jury would be authorized to give to evidence of good character, the instruction was sufficient on the subject.

2. The jury were authorized to infer guilt, from the possession of property which had been recently stolen, in the absence of a satisfactory explanation by the accused of his possession. In the present case the explanation which the accused gave of his recent possession seems to have been reasonable, but this question was exclusively for the determination of the jury, and this court is not authorized to grant a new trial because the jury refused to accept as satisfactory the explanation given of the possession of the property. While the evidence is exceedingly weak, yet, in the absence of a satisfactory explanation, the recent possession of the stolen property, and the inference arising therefrom, furnish sufficient evidence to support the verdict; and as no material error of law was committed on the trial, the judgment must be *Affirmed.*

Decided July 2, 1912.

Indictment for larceny; from Toombs superior court—Judge Hawkins. March 30, 1912.

*W. B. Kent, C. P. Thompson,* for plaintiff in error.

*Alfred Herrington, solicitor-general, Hines & Jordan,* contra.