## ARMSTRONG *v.* PENN, administrator.

1. The petition as amended, when fairly construed, contains two counts as grounds for the cancelation of the note held by the defendant against the plaintiff; one upon the ground of fraud in its

procurement, and the other upon the ground of forgery, or a fraudulent alteration of the note. The amendment set forth with sufficient certainty and definiteness the allegations of fraud and forgery relied on by the plaintiff, and there was no error in overruling the special demurrer filed by the defendant.

2. In an equitable petition brought against a defendant to cancel a note held by him against the plaintiff, upon the ground of fraud in its procurement, and the further ground of a material and fraudulent alteration of it by the defendant, the burden of proof is upon the plaintiff to establish the allegations in the petition; but where the defendant assumes the burden of proof, and claims and is allowed the privilege of opening and concluding the argument, he can not complain of error in the charge of the court to the effect that the burden was on him of establishing by a preponderance of the evidence his answer denying the allegations of plaintiff's petition.

3. There was no evidence to sustain the allegation of fraud in the procurement of the note by any representation or device on the part of the defendant which led the plaintiff to believe that the note was for a smaller amount than the sum actually stated therein. It was, therefore, error for the court, in its charge to the jury, to submit this issue to them.

4. The pleadings presenting the issue as to whether or not the note in question had been altered by the defendant in the particular of changing its date, and the date of a credit entered thereon, so as to avoid the bar by the statute of limitations, and there being no pretense, either from the pleadings or testimony, that such alteration, if made, was with the consent of the maker of the note, it was not error in the court to refuse to charge the jury either on the subject of the maker's consent, or on the materiality of the alteration.

5. Where one party relies mainly, if not entirely, upon circumstantial evidence to establish a fact, and his adversary upon positive testimony to show the contrary, it is error for the court, especially in a close case on the facts, to charge the jury as follows: " I charge you that circumstantial evidence is just as reliable, just as much to be depended upon, and just as good as positive and direct evidence, when properly linked and connected together." The weight to be given circumstantial evidence on the one side and positive testimony on the other is a question entirely for the jury.

6. As the record fails to show that the answer of the defendant to the amended petition was made under oath, it does not appear there was error in the court charging the jury that they could not consider such answer as evidence, although the original petition did not waive discovery.

Argued June 16, 17, — Decided July 25, 1898.

Equitable petition. Before Judge Fite. Gordon superior court. August term, 1897.

W. H. Dabney and J. M. Neel, for plaintiff in error.

W. R. Rankin and R. J. & J. McCamy, contra.

LEWIS, J.　Mrs. Ann Armstrong brought her petition against L. D. Armstrong, alleging, in brief, that she was informed and believed that he held a note for $1,000, dated 1877 and due one day after date, purporting to have been made to him by her, and that if he held such a note it was not made by her, nor by any one authorized by her to make it, and was fraudulent and a forgery; that the defendant had used for his own benefit certain money arising from the sale of cotton belonging to her, and which she regarded as an advancement to him from her estate; that in her will she had directed that her daughters be each paid from her estate a stated sum, as the equivalent of this advancement, before the defendant should receive anything further from the estate; and that she believed he intended to use the note in question for the purpose of getting an unfair advantage in the final distribution of the estate; and she prayed that he be enjoined from negotiating it or attempting to collect it, and that it be delivered up and canceled.　The defendant answered under oath, that he had a note for the amount stated, which had been executed to him by the plaintiff in settlement of indebtedness due him by her.　He denied that the money arising from the sale of the cotton was an advancement, and averred that the plaintiff let him have it as a gift, and he so received it, and did not become a debtor for it.　Attached to the answer was a copy of the note, dated November 16, 1877, and due one day after date, and upon which appeared a credit of $20, dated May 25, 1878.　Subsequently the defendant filed an amendment, under oath, denying the charges of fraud and setting out an itemized statement of the indebtedness alleged to have been the consideration of the note.　By this amendment he struck out the averment in the original answer that the money arising from the sale of the cotton was a gift, and averred that the cotton was turned over to him by the plaintiff in payment of his share of his deceased brother's estate, and that his counsel, in drafting the answer, misunderstood him and stated it was a gift, and he (defendant) overlooked this statement at the time he swore to the answer.　The plaintiff died, and W. H. Penn, administrator with the will annexed, having been substituted as plaintiff, filed an amendment to the petition, in which amendment he alleged:

The note now in issue was obtained by defendant from his testatrix, if ever executed by her at all, fraudulently, in that the defendant at the time the paper was executed, if executed at all, had some small claim against her, and drew up the note now in controversy, filling the same fraudulently with the amount therein named, when the same should have been for some small amount, if any was due by her.   The testatrix having full confidence in her son, the defendant, and relying upon his integrity and honesty, "to which she wrongly thought he was entitled," acting on the representation that it was for the amount she owed him, signed the note, if she signed it at all, in ignorance of the fact that it was for $1,000, and thinking it was for the small amount she owed him.   The note, if given at all and under the circumstances above detailed, was made in the year 1873, and not in the year 1877; and petitioner states his belief and charges it as a fact that his testatrix, having repaid the small amount she owed the defendant, had entirely forgotten the execution of any paper, if she had in fact executed it.   The alteration by defendant, both as to the date of the note and the credit indorsed thereon, was fraudulently made, and by the holder of the note, the defendant, and was done for the purpose of relieving said paper from the bar of the statute of limitations, the paper having been executed by plaintiff's testatrix, if made at all, in the year 1873, and the payment being made in 1875. The fraudulent alteration rendered the note void, and no recovery could be had thereon, even if the same was originally bona fide paper, for the reason that all action thereon was barred by the statute of limitations, and in addition thereto, that the paper was rendered void by said alteration.   Petitioner's testatrix had no knowledge of the fact above set out, nor did petitioner himself till the case was tried at the last term, when he discovered by inspection the alterations aforesaid.   Discovery on oath as to this amendment is waived.   To the petition as amended the defendant demurred on several grounds, which demurrer was overruled, and he excepted.   A verdict was rendered for the plaintiff; and error is assigned by the defendant upon the judgment of the court overruling his motion for a new trial.

1. The special grounds of the defendant's demurrer insisted on before this court related to inconsistent and contradictory allegations in plaintiff's petition, and want of sufficient certainty in its allegations of fraud and forgery. For the reasons set out in the first headnote, we do not think there was any error in overruling the demurrer. The declaration with sufficient clearness seeks a cancelation of the note, first, on the ground of fraud in its procurement; and second, on the ground of forgery, and a fraudulent alteration of the note. Parties are, under the statute, allowed to file conflicting pleas; and we know of no rule which would exclude the plaintiff from having different counts in his declaration as the basis of his cause of action, not entirely consistent one with the other.

2. The court in his charge stated that the burden of proof was upon the defendant to show, first, that the note was signed, was not obtained from his mother by fraud, and that she signed with knowledge of its contents, and that the note has not since been altered in a material point. The defendant assumed the burden of proof, and upon this assumption claimed, and was allowed, the privilege of opening and concluding. This assumption meant that he would undertake to overcome by a preponderance of the testimony the material allegations in plaintiff's petition. We do not see upon what idea he was allowed this privilege, or burden, whichever it may be called, unless it was granted by consent of the parties. The law imposes upon the plaintiff the onus of making good the material allegations in an equitable petition based upon alleged fraudulent conduct of the defendant; but where the defendant claims, and is allowed, the right to open and conclude a case, he can not exercise such a privilege without also bearing the burdens which it legally imposes.

3. Error is assigned on the following charge of the court: "If you find that the note was given as insisted on here by the plaintiff, if given at all, upon misrepresentations by Armstrong, thinking that she was giving it for a less amount than that which was actually due, and that her signature was thus obtained by fraud, then the defendant Armstrong could not recover anything in the case. Fraud would vitiate the whole contract,

and he could not recover whatever amount might have been due at the time." As an abstract proposition of law, we think this charge free from error. But we fail to find in the record any testimony whatever which authorizes a submission of this issue in the pleadings to the jury. The defendant introduced the attesting witness to the note, who swore to its execution by the plaintiff's intestate. An effort was made to impeach this witness by proof of bad character, and also an effort to sustain her by proof of good character. The defendant was a witness in his own behalf, and his testimony tended to sustain his answer. There was no testimony, direct or indirect, tending to show that when the note was given, the defendant's mother was due him but a small amount, or that there was any sort of artifice or device used by him to induce her to sign the note for one amount when she thought that it was for a smaller sum. Slight circumstances may be sufficient to carry conviction of the existence of fraud, but there should be at least some circumstance which tends to show that the particular fraudulent act charged has been perpetrated.

4. Complaint was further made that the court erred in refusing to charge the jury, in substance, that in order for the alteration of the note to authorize a finding against its validity, it should appear that the same was altered in a material part after it was given by the maker, and without her consent. There was no pretense, either in the pleadings or the evidence, that the maker of the note ever consented to any alteration. The alteration claimed by the plaintiff was a change in the date of the note so as to prevent a bar of it by the statute of limitations. The naked issue presented to the jury was whether or not this change had been made. The defendant insisted that the note was exactly as when given; the plaintiff insisting that there had been an erasure by changing the figure "3" in the face of the note to a "7," so as to make it appear that the note was given in 1877, when in point of fact it was given in 1873. It was further insisted that the credit on the note was made in 1875, and that the figure "5" had been changed to "8." If such a change had been made, it was certainly a material alteration, the purpose of it being to bring into life a paper that had be-

come defunct under the statute.    To submit to the jury then the question as to whether or not the maker consented to the alteration, or whether such alteration was material, would have been presenting a question which was really not at issue.

5. The identical proposition embodied in the 5th headnote was decided by this court in the case of *Hudson* v. *Best,* 104 *Ga.* 131.

6. In the original petition filed by the plaintiff, she failed to waive discovery.    She did waive discovery in an amendment to the petition.    The court charged the jury that while the answer to the original petition was evidence for the defendant, the answer to the amendment was not.    In the light of the record before us, no error appears in this ruling, as the record does not show that the answer to the amendment was made on oath.

The above covers every material ground taken in the motion for a new trial; and as to those grounds which are not covered by this decision, we should be understood as ruling that they are insufficient to authorize a new trial.    This being a very close case on the facts, we have concluded that a new trial should be granted on account of the errors set forth in the 3d and 5th headnotes.    As the case goes back for another trial, we refrain from expressing any opinion on the sufficiency of the testimony to sustain the finding in favor of the plaintiff.

*Judgment reversed.    All the Justices concurring.*