1898.    CARSTARPHEN *v.* CENTRAL OF GEORGIA RY. CO.

1. The evidence in behalf of the. defendant authorized the finding in its favor, if the jury believed the circumstances detailed by the witnesses and from which the plaintiff's knowledge of the existence of the sewer must necessarily have been inferred or presumed.

2. "Where the jury find for the defendant, the plaintiff can not have been hurt by any error in the court's instructions as to the measure of damages." While this general statement may be subject to exceptions, it is not apparent in the present case that there would or should have been a finding in favor of the plaintiff even if the trial judge had charged the jury that the plaintiff was entitled to recover the amount of rental which he lost by reason of the defendant's failure to abate the nuisance complained of. And he who assigns error must show not only error, but material injury in consequence thereof.

DECIDED SEPTEMBER 6, 1910.

Action for damages; from city court of Macon—Judge Hodges. April 24, 1909.

*Miller & Jones, J. C. Morcock,*. for plaintiff.

*J. E. Hall, Wimberly & Jordan,* for defendant.

RUSSELL, J. The plaintiff brought suit in the city court of Macon against the Central of Georgia Railway Company for $25,-000 damages. He alleged that in consequence of steam and water discharged under his building by the defendant through a drainpipe

from the defendant's premises, the building itself had been damaged $3,000, and in addition thereto he had sustained a monthly loss of $125 in the way of rent; that the presence of the pipe or sewer was unknown to him at the time he erected his warehouse, and that the steam and water were surreptitiously discharged. The proof in behalf of the plaintiff tended to show that he (and his associates and predecessors in title) had no knowledge of the existence of this pipe or sewer at the time the warehouse was erected, and that from the appearance of the lot on which the building was erected, the presence of the sewer could not have been detected by ordinary care and prudence. On the other hand, testimony in behalf of the defendant was introduced, to the effect, that the sewer was built in 1873, several years prior to the erection of the plaintiff's building, and that the brick bulkhead stood in plain view of every one and was used as a seat and resting place by some of the witnesses. There was testimony in behalf of the plaintiff that no water or steam was discharged through it until after the plaintiff's building was erected; but, on the other hand, at least one witness for the defendant (Ben Goodyear) testified to seeing water flowing through it prior to the erection of the building. The testimony abounds with material conflicts, especially as to the plaintiff's knowledge of the sewer prior to the erection of the building, or at least as to knowledge of such facts that, as an ordinarily prudent man, he ought to have known of its existence and use. The suit was filed February 6, 1904. The evidence is undisputed that the first notice to abate the nuisance was given in December, 1903. The evidence is likewise undisputed that the sewer was not constructed by the present defendant, but by its predecessor in title,— the Central Railroad and Banking Company, and the condition of the sewer, so far as appears from the record, was unchanged from what it was in 1896, when the Central of Georgia Railway Company purchased the property. It is therefore apparent that, allowing the defendant a reasonable length of time in which to comply with the notice to abate, the period for which there could be a recovery of lost rental, as against it, would in any event be only a little over one month. It matters not, however, how small the amount may be; if the plaintiff was entitled to it under the evidence, he should receive it. For that reason we have made a very

exhaustive examination and a second review of the voluminous record in this case.

We are convinced that the court erred, as insisted by the learned counsel for the plaintiff in error, in not presenting to the jury the proper measure of damages. There was an allegation of damage arising from loss of rentals, due to the condition of the plaintiff's building, caused by the alleged nuisance. The court gave the jury only one measure of damages, which was the difference between the market value of the building before the injury and its market value thereafter. The jury should have been specially instructed that if the defendant was liable they should also consider any depreciation in the rental value, or, in other words, any loss in diminution of rents suffered by the plaintiff in consequence of the nuisance maintained by the defendant. But conceding this error to exist as insisted by counsel for the plaintiff in error, it is not apparent that it affected the result or was harmful to the plaintiff. In *Conant* v. *Jones,* 120 *Ga.* 568 (48 S. E. 234), following the rule in several earlier cases, the Supreme Court distinctly held that in an action for damages, where the jury found for the defendant, it was not reversible error that the measure of damages was incorrectly charged. We think, perhaps, that this general rule is subject to exceptions. For instance, in a case like the one now before us, if the judge had told the jury distinctly that the *only* measure of damages was the difference in the market value of the property before and after the notice to abate the nuisance was given, in the opinion of the writer this would perhaps have misled the jury into believing, even if there had been a loss of rental to the plaintiff, that he could not recover it in the action then pending. However, the ruling of the Supreme Court in the *Conant* case, supra, makes no exception; and it would seem to be sound, because in natural sequence the jury should always consider first whether the defendant is liable. If the defendant is found not liable, that is an end of the matter, and the verdict must be for the defendant. Only after the jury has determined that the defendant is liable does it become necessary for the jury to consider and determine the amount of the defendant's liability.

Upon a review of the evidence in the case at bar, while the testimony in behalf of the plaintiff might have authorized the conclusion that he did not know of the existence of the sewer at the time

the building was erected, nor thereafter, until a short time before he gave the defendant notice to abate the nuisance, the evidence in behalf of the defendant, and the very circumstances of the case, are so strong to the effect that the plaintiff was bound to have known of the existence of the sewer, and that he consented to its use, that he has not borne the burden which devolves upon him at law, of showing that the jury did not find, or were not authorized to find, that he was not entitled to recover at all, and therefore that the error of the court as to the measure of damages was harmful to him.    From the nature of the evidence it can only be inferred that the jury resolved the conflict therein in favor of the witnesses for the defendant, and reached the conclusion that the plaintiff was entitled to nothing.    Especially is this true because diminution in rental value is so universally evidence itself of diminution of the market value.    In this—the logical—view of the case, the failure of the judge to give the jury the correct measure of damages was immaterial, because the instruction given, whether correct or not, could not be applied.                        *Judgment affirmed.*