4442. Atkinson *et al.,* receivers, *v.* Taylor.

Russell, J. 1. The recovery of damages which can not legally be measured by any other standard than the enlightened conscience of impartial jurors can not be set aside upon the ground that it is excessive, unless it is manifestly the result of prejudice, bias, or corrupt motive. *Southern Railway Co.* v. *Wright,* 6 *Ga. App.* 172 (64 S. E. 703); *Murphy* v. *Meacham,* 1 *Ga. App.* 155 (57 S. E. 1046); *Merchants & Miners Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 654 (62 S. E. 130).

2. "Inasmuch as enforced idleness or diminished efficiency in offices of labor is calculated to give rise to mental distress, it is not error to describe the thing by its effects and call it pain and suffering." *Atlanta Street Railroad Co.* v. *Jacobs,* 88 *Ga.* 652 (15 S. E. 825). Such deprivation or impairment can be classed with pain and suffering, and the jury may properly be instructed that the law fixes no other measure than the enlightened conscience of impartial jurors. *Id.; Powell* v. *Railroad Co.* 77 *Ga.* 200 (3 S. E. 757); *Metropolitan Street Railroad Co.* v. *Johnson,* 90 *Ga.* 501 (8), 508 (16 S. E. 49); *Southern Railway Co.* v. *Hutcheson,* 136 *Ga.* 591 (71 S. E. 802).

3. Though the allegation upon that subject might have been subject to special demurrer, mental pain and suffering was charged in the petition as an element of damage; and for this reason, as well as because the allegations of the petition were supported by evidence, it was not error for the court to charge the jury that "the physical injury which incapacitates a man or woman from labor is classified in law with actual mental pain and suffering, such pain and suffering as is charged in the petition."

4. The use of the word "accident," in an instruction in which the jury were told that "If inability to labor is the result of an accident or injury, and is the result of the accident or injury charged in the petition, if there is evidence to sustain that, you will take that into consideration with other evidence in determining what the plaintiff in this case should recover for the injury which she claims was sustained," was entirely harmless, since the meaning of the word "accident" was qualified, if not entirely eliminated, by the immediate use of the words "or injury" as explanatory thereof, and could not have misled the jury; for in the latter part of the instruction all right of recovery was expressly confined to the injury alleged by the plaintiff.

5. The jury saw the plaintiff, and there was evidence that at the time of the alleged injury her appearance would plainly indicate to any observer her extremely weak and delicate physical condition. It was therefore not error for the court to instruct the jury that when a person is physically incapable of helping herself on a train, and that fact is known to the conductor, then, under the relationship existing between the carrier and the passenger, it would be the duty of the conductor to render such assistance as the circumstances might necessitate. Nor was it error for the court to charge, in connection therewith: "The facts and circumstances (if you believe they existed in this case) that would demand and require any assistance of the conductor are to be determined by you," although the plaintiff's petition did not charge that any assistance was demanded or required of the conductor.

6. The evidence authorized the reference which the court made to the subject of permanent injuries, and the instruction upon that subject, of which complaint is made, was appropriate and free from error.

*Judgment affirmed.*

DECIDED JULY 15, 1913.

Action for damages; from city court of Tifton—Judge R. Eve. September 11, 1912.

*J. H. Merrill, Fulwood & Skeen,* for plaintiffs in error.

*J. S. Ridgdill, C. C. Hall,* contra.