## 11467.  GEORGE v. THE STATE.

The charge of the court as to the effect of possession of stolen goods, as evidence against one indicted for burglary, was not subject to the exceptions taken.

DECIDED JUNE 15, 1920.

Indictment for burglary; from Bibb superior court — Judge Mathews. March 22, 1920.

The first extract from the charge of the court, set out in the following decision, is complained of as follows: " The defendant excepts to this charge and says that the possession of stolen property is not sufficient to infer guilt, under the rules of the law in Georgia, but it is only a circumstance going to show guilt, and when the trial judge charged the jury that the possession of stolen property was a circumstance from which the jury could infer guilt, he committed reversible error. This is the rule in the Federal court, but not the rule in the State courts in Georgia." The second extract from the charge is complained of " for the same reasons," " as it was a broad instruction that if the defendant was found in possession of any of the stolen property, he would be guilty. It is a question for the jury to decide whether the defendant is guilty, from all the facts proven in the case."

*John R. Cooper, W. O. Cooper Jr.*, for plaintiff in error.

*Charles H. Garrett, solicitor-general*, contra.

BLOODWORTH, J. 1. The special grounds of the motion for a new trial complain that the court erred in charging the jury: (1) " If this defendant was found in the recent possession of any of the goods taken from the house at the time it was burglarized, if it was burglarized, and if that is shown beyond a reasonable doubt, then that is a circumstance the jury may consider, and

that is a circumstance from which the jury may infer guilt, and if that recent possession is not explained, if the jury believe that the defendant was in possession of some of the stolen goods taken from the house at the time of the burglary, if there was a burglary, and that possession is not explained by a reasonable explanation, then from that circumstance alone the jury may infer guilt, but it is for the jury to say, after all, whether that circumstance alone, or that circumstance in connection with other circumstances proven in the case, shows that the defendant is guilty, and excludes every other reasonable hypothesis except his guilt." (2) " The defendant in this case contends that he did not break and enter the house, that he did not have any of the goods; that he was not in possession of any of the goods. I charge you that before you would be authorized to convict in this case, you must believe he was in possession of some of the goods taken from the house, and you must believe that that circumstance with other circumstances proven in the case, if you believe that it is proven that he had possession of any of the goods, excludes every reasonable hypothesis except that he is the person that broke and entered the house, if the house was broke and entered as alleged in the indictment. As I said, this case must be made out beyond a reasonable doubt, and the facts proven must exclude every reasonable hypothesis except the guilt of the accused." Both excerpts state the law correctly, and the court did not err in giving them in charge. See *Davis* v. *State,* 76 *Ga.* 16; *Mangham* v. *State,* 87 *Ga.* 549 (1), and cases cited on page 551 (13 S. E. 558); *Rutland* v. *State,* 90 *Ga.* 102 (1) (15 S. E. 813); *Mosley* v. *State,* 11 *Ga. App.* 303 (2) (75 S. E. 144).

2. There is ample evidence to support the finding of the jury, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*