12707.   COHEN BROTHERS *v.* KRUMBEIN.

STEPHENS, J.   1. A landlord is not liable to his tenant for damages sustained by the latter as a result of the failure of the landlord to keep the premises in repair, where the defect causing the damage arose after the landlord had surrendered possession of the premises to the tenant, unless the landlord had actual notice of the defect, or, when inspecting or repairing the premises, could in the exercise of ordinary care have discovered such defect, and failed within a reasonable time after such notice to remedy the defect.   *Zaban* v. *Coleman,* 27 *Ga. App.* 376 (3) (108 S. E. 555).

2. In a suit by a tenant to recover damages caused by an alleged failure of the landlord to keep the rented premises in repair, the rule of comparative negligence applies, and a duty rests upon the tenant to lessen, by the exercise of ordinary care and diligence, any damage which he might sustain by reason of the landlord's negligence. Sutherland on Damages (3d ed.), 2619; *Miller* v. *Smythe*, 95 *Ga.* 288 (2) (22 S. E. 532); *Gavan* v. *Norcross*, 117 *Ga.* 356, (43 S. E. 771). Such principles of law being adjusted to the facts of the case under consideration, the court did not err in giving them in charge, as complained of in the second ground of the amendment to the motion for a new trial.

3. The jury having found a verdict for the landlord, an erroneous instruction to the jury as to the measure of damages was harmless to the tenant.

4. An isolated expression of opinion upon the merits of a case by one of the jurors prior to his having been selected to serve upon the jury does not demand the inference that the juror, at the time of his qualification and acceptance as a juror, was prejudiced and partial in the manner indicated by his previous expressions or otherwise. The oath which presumably the juror took, to well and truly try the issue in accordance with the evidence, may be considered in rebuttal of the inference sought to be drawn from his previous prejudicial statement. The inference not being demanded that the juror was prejudiced and partial, this court can not hold that the trial judge abused his discretion in overruling the motion for a new trial, based upon the ground that the juror was prejudiced, as evidenced by such previous isolated prejudicial statement.

5. The verdict rendered for the defendant was amply authorized by the evidenced. 　　　*Judgment affirmed.　Jenkins, P. J., concurs.*
　　　　　　　　　　　DECIDED JULY 24, 1922.

Action for damages; from Wilkes superior court — Judge Shurley. June 13, 1921.

*I. T. Irvin Jr.,* for plaintiffs. *Colley & Colley,* for defendant.