## DEAN v. LITTLETON.

1. The first special ground of the motion for new trial complains that the court erred in allowing the witness W. R. Drane to testify: "I do not think he had sufficient mind to have a rational and fixed desire. I do not think he had mind enough to make a will disposing of his property." The objection to this testimony was that it was a conclusion of the witness. The admission of this testimony was not error for the reason assigned. The assignment of error is not complete. It does not assert that no foundation was laid for the conclusion of the witness, nor does it state what foundation, if any, was laid. The conclusion of a non-expert witness, or his opinion, is admissible when predicated upon facts stated by the witness. Civil Code (1910), § 5874; *Pennington* v. *Perry*, 156 *Ga.* 103 (9) (118 S. E. 710).

2. Error is assigned because the court admitted, over objection of counsel for the propounder, the following evidence of Mrs. A. L. Bethea: "He said [referring to Mr. Ed Littleton], 'I intend to leave my property to my estate, and let the Georgia laws settle it.' This was after February, 1922. He simply said [referring to the wills being contested in court], 'That is the way they all turn out. I do not intend to have one for them to be fighting over when I am dead.'" This evidence was not inadmissible on the ground that "any statement of testator in disparagement of having made a will was inadmissible. Furthermore, that any statement by testator, for the purpose of showing undue influence, after the paper is signed is inadmissible." This evidence was admissible on the question of mental capacity and undue influence. *Pennington* v. *Perry*, supra; *Houseman* v. *Voak*, 157 *Ga.* 122 (121 S. E. 119).

3. The judge erred, under the facts of this case, in charging the jury as follows: "He may make by his will any disposition of his property not inconsistent with the laws, or contrary to the policy of the State. He may bequeath his entire estate to strangers, to the exclusion of wife and children; but in such cases the will should be closely scrutinized, and upon the slightest evidence of aberration of intellect, or collusion, or fraud, or any undue influence or unfair dealings, the probate should be refused."

4. Error is assigned on the following charge of the court: "No precise quantity of influence can be said to be necessary and sufficient in all cases, as the amount necessary varies with the circumstances of each case, and especially does it vary accordingly as the strength or weakness of mind of each testator varies. The amount of influence necessary to dominate a mind impaired by age, disease, or dissipation being decidedly less than that acquired [required ?] to control a strong mind." This charge is not erroneous on the ground that it suggests a degree of influence depending upon the condition of the mind, and states that a mind impaired by age, disease, or dissipation would require a smaller degree of influence than would be required to control a strong mind,

---

Evidence 22 C. J. pp. 607, n. 28; 717, n. 16.

Trial 38 Cyc. p. 1911, n. 17.

Wills 40 Cyc. pp. 1056 n. 55; 1157, n. 45; 1335, n. 76; 1337, n. 85, 86; 1355, n. 42.

and that this charge was calculated to impress the jury that if a man is old and suffers any impairment of mind, any influence procuring the execution of a will would make such will unlawful, and it should not be probated; or on the further ground that there was no evidence of weakness or impairment of the mind of the testator from dissipation. Under the facts of the case this charge was not error for any reason assigned, and was not calculated to confuse or mislead the jury.

5. The refusal to give in charge the requested instruction set out in the 8th ground of the motion for new trial was not erroneous for any reason assigned.

6. Other requests to charge, where legal and pertinent, were covered by the general charge.

7. As the case goes back for another trial, no opinion is expressed as to the sufficiency of the evidence to support the verdict.

No. 4940.    JANUARY 25, 1926.

Appeal. Before R. L. Greer, judge pro hac vice. Sumter superior court. May 8, 1925.

*M. C. Edwards* and *W. W. Dykes,* for plaintiff.

*J. A. Hixon, J. G. Holst,* and *Henry Clay,* for defendant.

HILL, J.  On August 27, 1914, Edward Littleton executed a paper purporting to be his last will and testament, and died on June 6, 1924. On June 10, 1924, Dr. J. G. Dean filed a petition with the ordinary to probate the original will, and two codicils, in solemn form. On July 12, 1924, William Littleton Jr. filed a caveat in which he alleged mental incapacity on the part of Edward Littleton to execute the will, and undue influence on the part of Dr. J. G. Dean, the propounder, over the testator, which deprived him of freedom of action in the disposition of his property, and went to the extent of substituting the propounder's will for that of the testator, etc. The case was first tried before the ordinary, who declined to probate the will. The propounder entered an appeal to the superior court, where the case was tried, resulting in a verdict and judgment denying probate of the will. The propounder made a motion for new trial, on the usual general grounds and ten special grounds. The motion was overruled, and the propounder excepted.

1.  The court charged the jury as follows: "He may make by his will any disposition of his property not inconsistent with the laws, or contrary to the policy of the State. He may bequeath his entire estate to strangers, to the exclusion of wife and children; but in such cases the will should be closely scrutinized, and upon the slightest evidence of aberration of intellect, or collusion, or

fraud, or any undue influence or unfair dealings, the probate should be refused." The criticism of this charge is that it is inapplicable, for the reason that the testator did not bequeath his entire estate to strangers to the exclusion of his family, but remembered every one of his immediate relatives in his will, and did not bequeath any part of his estate to strangers; and that this charge was calculated to mislead the jury and create the impression that the rule that where a testator failed to bequeath any part of his estate to his family, and all to strangers, was applicable in a case of the kind being tried. Under the facts of this case it was erroneous to give to the jury the charge set out above, because it was inapplicable to the evidence, it appearing that the entire estate was not bequeathed to a stranger, and also because it placed upon the propounder a heavier burden than that imposed by law. This error requires the grant of a new trial.

The 8th ground of the motion complains that the court erred in refusing to give in charge to the jury the following on timely written request: "The very nature of the will requires that it should be freely and voluntarily executed; hence anything which destroys this freedom of volition invalidates the will; such as fraudulent practices upon testator's fears, affections or sympathies, duress, or undue influences, whereby the will of another is substituted for the wishes of the testator; but I charge you that the undue influence above referred to which could operate to invalidate a will must be such influence as amounts to either deception or to force and coercion destroying free agency." The insistence is that "such request is the law, that such charge is not covered in the general charge, it was applicable to the case being tried, and therefore error for the court to refuse to so charge." The court in his general charge instructed the jury on this subject as follows: "Now, gentlemen, if you should find from the evidence in this case that at the time these papers were so executed, that Mr. Littleton had sufficient testamentary capacity to make a will, then you would address yourselves to the other grounds of the caveat, as to whether or not the papers so executed were the result or outcome of an undue influence exercised over him by the propounder, Dr. Dean; and with reference to that I charge you that a mere general or reasonable influence over the testator is not sufficient to invalidate a will. To have that effect the influence must be undue. The rule

as to what constitutes undue influence is, that, to be sufficient to avoid a will, the influence exercised must be of a kind that so overpowers and subjugates the mind of the testator as to destroy his free agency, and make him express the will of another rather than that of his own. A mere existence of undue influence or an opportunity to exercise it is not sufficient. Such influence must be actually exerted on the mind of the testator in regard to the execution of the will in question, either at the time of the execution of the will or so near thereto as to be still operative, with the object of procuring a will in favor of particular parties; and it must result in the making of testamentary disposition which the testator would not otherwise have made. No precise quantity of influence can be said to be necessary and sufficient in all cases, as the amount necessary varies with the circumstances of each case, and especially does it vary accordingly as the strength or weakness of mind of each testator varies, the amount of influence necessary to dominate a mind impaired by age, disease, or dissipation being decidedly less than that required to control a strong mind. Mere advice or suggestions addressed to the sound judgment of the testator, and in a general way, and considered by him, do not constitute undue influence unless they are so strongly and persistently urged that the testator is unable to resist adopting them. This is true especially where the suggestion is directed only to the making of a will in general, and not as to what it should contain. An influence consisting of appeals, requests, entreaties, flattery, persuasion, solicitations, or even importunity, is legitimate, and becomes undue so as to invalidate a will only when it is extended to such a decree as to override the discretion and destroy the free agency of the testator. Mere acts of kindness, attention, of congenial intercourse, which appear to secure or retain the affection, esteem, or good will of the testator, and induce him to make the persons proffering such kindly offices beneficiaries in his will, do not constitute undue influence, unless, as already stated, they are extended to such a degree as to override the discretion and destroy the free agency of the testator. Influence over a testator of one who occupies some confidential relation to him is not necessarily undue influence, although it may cause the court and jury to examine the case with greater scrutiny, and may, when coupled with other circumstances, raise a presumption of undue influence;

but the question must be determined, as in all other cases, by ascertaining whether the free agency of a testator has been destroyed."

While this court has held that "undue influence which operates to invalidate a will is such influence as amounts either to deception or to force and coercion, destroying free agency" (*Bohler* v. *Hicks,* 120 *Ga.* 800 (5), 48 S. E. 306), yet we are of the opinion that the charge given by the court is in substantial accord with the rule laid down in the above case, which has been followed in *DeNieff* v. *Howell,* 138 *Ga.* 248, 251 (75 S. E. 202), and *Burroughs* v. *Reed,* 150 *Ga.* 724, 726 (105 S. E. 290).

Other headnotes require no elaboration.

*Judgment reversed. All the Justices concur.*