### 17223. HUMPHREYS *v.* THE STATE.

The refusal to grant a continuance on account of the absence of certain witnesses was not an abuse of discretion.

An assignment of error upon the admission of testimony objected to as being a mere conclusion of the witness should show that no foundation was laid for its admission.

If a conclusion was stated when the woman alleged to have been assaulted testified that the accused was "trying to force" her to do what he asked her to do, the testimony was not objectionable for that reason, for she had testified to sufficient facts upon which to base the conclusion.

There was no abuse of discretion by the judge in allowing the solicitor-general to propound leading questions to the State's witness alleged to have been assaulted by the defendant.

The verdict, being authorized by evidence and approved by the trial judge, can not be interfered with by this court.

DECIDED MAY 12, 1926.

Assault with intent to rape; from Colquitt superior court— Judge W. E. Thomas. January 22, 1926.

Application for certiorari was denied by the Supreme Court.

*DeLoache & McDonald,* for plaintiff in error.

*Clifford E. Hay, solicitor-general, James L. Dowling,* contra.

BLOODWORTH, J. 1. The trial judge did not abuse his discretion in overruling the motion to continue the case on account of the absence of two witnesses. On the hearing of the motion it was shown that one of the witnesses had moved to Florida, and the State made a counter-showing, in which the other witness swore: "If I had been present in court at the trial of Dan Humphreys he could not have proved by me any of the things he claimed he expected to prove by me. I did not even know Miss Maxie Hancock, and I never heard Dan Humphreys say anything to her or hear her say anything to him. I never saw them together in my life. It is true that, before the trial, Dan Humphreys came to me

---

Criminal Law, 16 C. J. p. 469, n. 7; p. 470, n. 31; p. 748, n. 49, 53; 17 C. J. p. 271, n. 41.

Witnesses, 40 Cyc. p. 2427, n. 27, 28.

and offered inducements to testify for him, but the matter he wanted me to swear to was false, and I never promised him to do it. He knew it was false when he was trying to get me to swear to it."

2. Granting (but not holding) that when the witness said, "He was trying to force me to do what he had asked me," she stated a conclusion, when all the evidence is considered it will be found that she had stated sufficient facts upon which to base this conclusion. A nonexpert may give an opinion when the facts upon which it is based are stated. Civil Code (1910), § 5874; *Pennington* v. *Perry,* 156 *Ga.* 105 (9) (118 S. E. 710). Moreover, "the objection to this testimony was that it was a conclusion of the witness. The admission of this testimony was not error for the reason assigned. The assignment of error is not complete. It does not assert that no foundation was laid for the conclusion of the witness, nor does it state what foundation, if any, was laid. The conclusion of a nonexpert witness, or his opinion, is admissible when predicated upon facts stated by the witness." *Dean* v. *Littleton,* 161 *Ga.* 65 (131 S. E. 507).

3. The court is alleged to have erred in allowing the solicitor-general to ask a witness for the State leading questions. "It is within the discretion of the trial judge to permit the solicitor-general to propound leading questions to a witness introduced by the State." *Lyles* v. *State,* 130 *Ga.* 294 (4) (60 S. E. 578). See *Wade* v. *State,* 11 *Ga. App.* 411 (7) (75 S. E. 494).

4. There was evidence from which the jury would be authorized to reach the verdict rendered by them. Their finding has the approval of the trial judge, and this court is without authority to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*