## 19993. BOHANNON *v.* THE STATE.

DECIDED NOVEMBER 13, 1929.

*C. D. Rivers,* for plaintiff in error.

LUKE, J. Sam Bohannon, convicted of possessing intoxicating liquor, excepts to the judgment of the court overruling his motion for a new trial, based upon the general and two special grounds.

The evidence discloses that the sheriff of Chattooga County heard that the defendant had gone after whisky; that he overtook the defendant and Charlie Bailey in an automobile and tried to stop them, but that they fled; that he pursued them, and saw the defendant throw a fruit-jar and a bottle out of the automobile; that both vessels were picked up later and smelled like whisky; that the defendant tried to throw an old sack out of the car, but failed, and that the sack was wet and smelled like whisky; that the running board of the car was wet, smelled like whisky, and had whisky on it; that while the fugitives were fleeing they were pouring out something that smelled like whisky; and that the officer fired some shots at the tire of the car to stop it.

Both the defendant and the other occupant of the automobile denied that they had any whisky, and averred that they were running away because they were being shot at.

The first ground of the motion for a new trial is that the court erred in admitting the following evidence, because it was hearsay: "To explain it, I had a report that the defendant had gone off after some whisky. I took my car, and Mr. C. S. Kellett, and my son, Ed Alexander, went with me, and we went over to Mr. Simms' place about three miles east of here."

Certainly the positive statement of the sheriff that he took his car and went over to Frank Simms' place is not hearsay. "When evidence is objected to as a whole on a specified ground, and some of it is not open to that objection, admitting it all is not cause for a new trial." *Maynard* v. *Interstate Building & Loan Asso.*, 112 *Ga.* 443 (2) (37 S. E. 741).

The only other special exception is to the following statement of the prosecuting attorney to the jury: "Judge Rivers has had a great deal to say about the officers' shooting over there that day, but I am not able to find any record to show that they have ever been prosecuted for that shooting." Defendant's counsel moved for a mistrial because of this language, and the court overruled the motion, and instructed the jury to consider only the evidence, and the solicitor to confine himself to the record. The court's refusal to declare a mistrial was not error.

546

The evidence supports the verdict, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*