19809.   TOWNSEND *v.* HAMES.

BELL, J.   1. In this suit to recover the balance of the contract price alleged to be due to the plaintiff for the building of a filling station for, and upon lands of, the defendant, to which suit the defendant pleaded that the plaintiff had not done the work according to specifications, either as to material or, as to workmanship, and, having already received more than half of the contract price, was not entitled to recover the further sum sued for, there was evidence sufficient to authorize the verdict in favor of the plaintiff; and especially is this true since, in addition to the evidence set forth in the record, it appears that by agreement the jury were allowed to visit and inspect the building in question. *City of LaGrange* v. *Cotter,* 29 *Ga. App.* 577 (6) (116 S. E. 204), and cit.

2. Even if the evidence set forth in special ground 4 of the motion for a new trial was objectionable as amounting to a mere conclusion of the witness, the assignment of error upon the admission of this evidence is incomplete and presents nothing for decision by this court, since it "does not assert that no foundation was laid for the conclusion of the witness, nor does it state what foundation, if any, was laid. The conclusion of a non-expert witness, or his opinion, is admissible when predicated upon facts stated by the witness." *Dean* v. *Littleton,* 161 *Ga.* 651 (131 S. E. 507). The same ruling will apply to ground 5.

3. Where objection is made to certain testimony as a whole, and a portion of it is legally competent, the trial judge is not required to sustain the objection; and this court therefore will not reverse his refusal to do so. The testimony that the concrete was "just rough finish" was competent whether the same was true of the further evidence given by the same witness and included in the evidence objected to in bulk. *Fambrough* v. *DeVane,* 141 *Ga.* 794 (3) (82 S. E. 249); *Edenfield* v. *Brinson,* 149 *Ga.* 377 (5) (100 S. E. 373); *Central of Georgia Ry. Co.* v. *Butler Marble &c. Co.,* 8 *Ga. App.* 1 (8 *b*) (68 S. E. 775).

4. The court charged the jury "that the duty was upon the contractor to perform substantially all of the terms of the contract, and that the defendant had the right to rely upon the contractor to perform his contract." This charge was excepted to upon the ground that it tended to lead the jury to the conclusion that the plaintiff was required to comply, not with all the terms of the contract, but with substantially

all of them. Standing alone, the excerpt might be susceptible of the construction stated, but upon an examination of the entire charge it is improbable that the jury would have given any such construction to the portion quoted above, it appearing that the court elsewhere fully instructed the jury that the plaintiff could not recover unless he had substantially complied with his contract. See, in this connection, Civil Code (1910), §§ 3353 (1), 4318; *Bandy* v. *Frierson's Sons*, 138 *Ga.* 515 (6) (82 S. E. 249); *Morgan* v. *Colt Co.*, 34 *Ga. App.* 630 (3) (130 S. E. 600).

5. The instructions complained of in grounds 8 and 9 were not erroneous for any reason assigned.

6. The principles contained in the request to charge were sufficiently covered by the general charge. No reversible error appears, and the court did not err in refusing a new trial.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED JANUARY 30, 1930.

*C. M. Dobbs, W. T. Townsend,* for plaintiff in error.
*Morris, Hawkins & Wallace,* contra.