BURDEN *et al. v.* GATES.

No. 13300. MAY 17, 1940.

*J. R. Terrell Jr.,* for plaintiff in error. *Wyatt & Morgan,* contra.

JENKINS, Justice. ■ This is the second appearance here of this case. The former refusal of a new trial, after a verdict for the plaintiff, canceling a sheriff's deed as based on a grossly excessive levy, was reversed on the ground that the court erred in directing the verdict for the plaintiff, because the evidence was in conflict as to the value of the property levied on and as to the practicability of dividing the property for levy, and because the court should have submitted to the jury the question of recovery for improvements claimed by defendants. *Burden* v. *Gates,* 188 *Ga.* 284 (3 S. E. 2d, 679). On the second trial the jury again found for the plaintiff, and allowed the defendants' claim for improvements to offset equally the mesne profits. On the issue of cancellation, since the evidence was conflicting, as in the former trial, there is no merit in the defendants' general grounds.

■ "A general assignment of error upon a designated portion of the judge's charge will be considered for the purpose of ascertaining whether or not the particular language thus complained of states a correct abstract principle of law. (*a*) If it does, then the investigation here must end; for, in the absence of a specific assignment of error, this court will not inquire whether the words excepted to are or are not adjusted to the issues and facts of the case. (*b*) If an instruction, excepted to in general terms, be erroneous because it is not a correct or accurate statement of [abstract] law, then, as all error is presumed prejudicial, the record will be examined for the purpose of ascertaining whether or not the party complaining has really been injured by the giving of such instruction. (*c*) When a portion of a charge, which is complained of generally, contains several distinct propositions and one or more of the same is correct in the abstract, then the general assignment of error is not good and will not be further considered, because it

in effect improperly alleges that all of such portion is erroneous, and does not show to which of the propositions, the correct or the erroneous, it is intended to take exception." *Anderson* v. *Southern Ry. Co.*, 107 *Ga.* 500 (4, *a, b, c*), 510 (33 S. E. 644) ; *Frank* v. *Adams,* 144 *Ga.* 270 (2) (87 S. E. 3) ; *Jefferson* v. *State,* 131 *Ga.* 28 (61 S. E. 997) ; *Central Ry. Co.* v. *Bond,* 111 *Ga.* 13 (8), 17 (36 S. E. 299).

Under these principles, since a portion of the charge, excepted to in general terms, was not erroneous, but correctly set forth the right of a defendant to set off the value of improvements against mesne profits (Code, § 33-107 et seq.), the fact that other portions of the excerpt incorrectly stated the general rule as to the right to recover an excess of value of improvements over mesne profits, by limiting the amount of recovery to the rental value, would not authorize a reversal on the exception taken to the charge as a whole. This is especially true under the defendants' pleading, which, while not demurred to, failed to set forth, as it should have done in order to secure the benefit of a claim in excess of the rental value under the act of December 21, 1897, "the value of the land and the value of the mesne profits admitted to be due," besides "the value of the permanent improvements which it is claimed the possessor has placed on the land." *LaRoche* v. *Falligant,* 130 *Ga.* 596 (4) (61 S. E. 465) ; *Moore* v. *Carey,* 116 *Ga.* 28, 33 (42 S. E. 258).

*Judgment affirmed. All the Justices concur.*