## FOWLER et al. v. FOWLER.

Jenkins, Presiding Justice. The motion for new trial by the caveators of a will, besides the general grounds, contains two special grounds: (1) that the judge in his charge limited the question of insanity to old age, whereas there was evidence to support their averment that the testamentary capacity of the testatrix was affected by pellagra; and (2) that the judge erred in failing to submit to the jury the question of undue influence.

1. "Old age and weakness of intellect resulting therefrom does not, of itself, constitute incapacity" to make a will. Code, § 113-205. "A person has testamentary capacity who understands the nature of a testament or will, viz., that it is a disposition of property to take ef-

fect after death, and who is capable of remembering generally the property subject to disposition and the persons related to him by the ties of, blood and affection, and also of conceiving and expressing by words, written or spoken, or by signs, or by both, any intelligible scheme of disposition. If the testator has sufficient intellect to enable him to have a decided and rational desire as to the disposition of his property, this will suffice." *Slaughter* v. *Heath*, 127 *Ga.* 747 (57 S. E. 69, 27 L. R. A. (N. S.) 1); *Griffin* v. *Barrett*, 183 *Ga.* 152, 163, 164 (190 S. E. 2), and cit. While there was testimony for the caveators that the testatrix, who was 74 years old when the will was executed, had suffered from pellagra for about 15 years, and that this disease had "affected" her mind and rendered her mentally "weak," and there was medical testimony that she was "in the advanced stages of pellagra," which "would affect" and "had affected her mind," there was no evidence to indicate that the disease had deprived her of the capacity of remembering her property and children, and of otherwise making a rational testamentary disposition, under the preceding rules, so as to destroy her capacity to make a will. Accordingly, the failure of the judge to charge the contention of the caveators as to pellagra was not reversible error, since there was no testimony going to indicate that the pellagra, although weakening her mind, had affected her testamentary capacity.

(a) Nor should the case be reversed on the general grounds, since under the disputed evidence it cannot be said that a verdict was demanded in favor of the caveators on the general question of testamentary capacity.

2. An attack on a will as having been obtained by undue influence may be supported by a wide range of testimony, since such influence can seldom be shown except by circumstantial evidence. Thus, a confidential relation between the parties, the reasonableness or unreasonableness of the disposition of the testator's estate, old age, or disease affecting the strength of the mind, tending to support any other direct testimony or any other proved fact or circumstance going to show the exercise of undue influence on the mind and will of the testator, are relevant. While the quantity of influence varies with the circumstances of each case, according to the relations existing between the parties and the strength or weakness of mind of the testator, the amount of influence necessary to dominate a mind impaired by age or disease may be decidedly less than that required to control a strong mind. *Dean* v. *Littleton*, 161 *Ga.* 651 (4), 654 (131 S. E. 507); *Stephens* v. *Bonner*, 174 *Ga.* 128 (162 S. E. 383); *Evans* v. *Arnold*, 52 *Ga.* 169 (4), 182; *Walker* v. *Roberts*, 20 *Ga.* 15, 25; *Smith* v. *Smith*, 75 *Ga.* 477 (4); *Davis* v. *Frederick*, 155 *Ga.* 809 (5-7) (118 S. E. 206); *Peretzman* v. *Simon*, 185 *Ga.* 681 (196 S. E. 471); *Griffin* v. *Barrett*, 185 *Ga.* 443 (195 S. E. 746); *Gaither* v. *Gaither*, 20 *Ga.* 709, 721; Code, § 37-706; *Trustees of Jesse Parker Williams Hospital* v. *Nisbet*, 191 *Ga.* 821 (14 S. E. 2d, 64).

(a) The evidence, taken as a whole, while not demanding a verdict in favor of the caveators on the ground of undue influence, was sufficient to raise an issue, which the jury should have been permitted to determine.

*Judgment reversed. All the Justices concur, except Wyatt, J., disqualified.*

No. 14740. NOVEMBER 30, 1943. REHEARING DENIED DECEMBER 10, 1943.

*J. F. Hatchett* and *W. S. Allen,* for plaintiffs in error.
*R. A. McGraw* and *H. H. Revill,* contra.