36749. KING *v.* SHARPE *et al.*

Decided June 14, 1957.

*J. Ray Merritt, Handsel Morgan,* for plaintiff in error.
*Allison, Pittard & Webb,* contra.

QUILLIAN, J. D. C. King, plaintiff in error here, will be referred to in this opinion as the plaintiff; William Paul Sharpe and James K. Puckett, defendants in error in this court, will be called the defendants, the parties having occupied those respective relations to the case in the trial court. However, where in the discussion it is necessary to distinguish the defendant to whom reference is made, he will be referred to by name.

The only general ground of the motion for new trial which requires discussion is the third general ground which presents the contention that the verdict was without evidence to support it. That ground presents a question that required careful review and thorough analysis of the proof offered by both the plaintiff and defendants.

The plaintiff's evidence supporting every allegation of the petition was ample and unquestionably authorized a verdict in his

favor. However, there was a sharp conflict in the evidence concerning the vital issue as to whose negligence proximately caused the collision resulting in the injuries to the plaintiff's person and damage to his truck. The plaintiff prima facie proved by very clear and strong evidence that the collision resulted from the acts of negligence imputed to the defendant in the petition. His evidence amply supported the theory upon which the plaintiff predicated his right to recover damages. The theory was that at the entrance of the south end of the bridge from which the plaintiff approached there was a depression in the road, so that the bridge was higher than the roadway and that this condition presented a hazard to one who attempted to enter the bridge at a high speed; that the plaintiff gained entrance to the bridge from the opposite direction and had passed nearly across it, when one of the defendants operating the truck of the other, which was drawing what is known as a pole trailer after it, that is a trailer attached to the tractor of the truck by an iron pipe, came down a hill at a very high and dangerous speed, sixty miles per hour, and without slackening the speed of the truck entered the bridge, with the result that when the trailer struck the elevation at the mouth of the bridge it bounced high into the air, careened across on the plaintiff's extreme right side of the road and upon the plaintiff's pickup truck. The plaintiff's proof clearly showed he was driving on his right side of the road, and had his truck under perfect control, and when he saw the peril posed by the recklessness of the defendant driver, he brought his truck to a stop.

The defendants' evidence showed that the collision was entirely attributable to the plaintiff's negligence. The defendant driver, James K. Puckett, testified that he approached and went upon the bridge at a speed of approximately thirty-five or forty miles per hour; that he drove the defendant Sharpe's 28-foot trailer truck onto the bridge from its end nearest Lilburn and proceeded across the bridge until the cab of the trailer truck was within ten feet of the mouth of the bridge at its Lawrenceville end; that he was careful, and that the trailer truck was on its side of the road, allowing sufficient room for a vehicle it met to go upon and traverse the bridge; that at the point of the bridge near its Lawrenceville end he met the plaintiff, Mr. King, who had driven his

G.M.C. truck onto the bridge after the trailer truck was on the bridge; that Mr. King was "then going from one side of the road to the other" wiggling so to speak; that at the time the cab of the trailer truck was off the Lawrenceville end of the bridge he felt the jolt of an impact; that the coupling was not broken by the trailer truck passing over a bump, but by "the impact of being hit by Mr. King's vehicle." The defendant Sharpe who preceded the trailer truck in his automobile corroborated Puckett as to speed. Mr. Sharpe testified that he went upon Highway No. 29 from a road that led from Tucker through Lilburn at a point about three-tenths of a mile from the Lilburn end of the bridge; that it was down hill to the bridge; that the trailer truck driven by Puckett immediately followed him onto the bridge; Mr. Sharpe further testified that he was driving at a speed of thirty-five to forty miles per hour and that his automobile was about five hundred feet beyond the bridge when the collision occurred. Other witnesses who were not present when it occurred testified, from observing the position of the wrecked vehicles, that they were near the Lawrenceville end of the bridge, and two witnesses, both to some extent familiar with pipes of the kind that joined the units of the tractor trailer, and who observed the pipe after it was broken, testified, that in their opinion, passing over the bump in the road would probably not cause the pole of the trailer truck to break and the vehicle to come apart, though it was possible for it to have that effect.

It is ably urged by the plaintiff's counsel that Puckett could not have known what caused the impact that resulted in the breaking of the pole which held the cab and trailer of the Sharpe truck together, since he admitted that he did not know that the trailer had come loose from the cab until he was some distance across the bridge. It is pointed out that Puckett, according to several witnesses, said, at the scene of the collision, that he thought the trailer struck the abutment of the bridge. Puckett could not remember whether he made the admission or not, but positively testified upon the trial that the trailer was struck by the plaintiff's truck. It is also insisted by the plaintiff that since Puckett admitted he was not looking back and was not in a position to observe what caused the impact which broke the coupling

pole holding the units of the trailer truck together, his testimony that it was broken when the trailer collided with the plaintiff's pickup truck was of no probative value. The evidence was undisputed that the bridge was about one hundred feet long; that the bump or elevation that the plaintiff contended caused the pole to break was at the Lilburn end of the bridge and Puckett testified positively that he felt the jolt of the impact when he met the plaintiff's pickup truck very near the Lawrenceville end of the bridge. Puckett's testimony was direct as to where he felt the jolt and as to the place on the bridge where the trailer truck and that of the plaintiff met. It was circumstantial as to the trailer's actually coming in contact with the plaintiff's truck since he did not actually see the collision. But from his testimony the jury could have been legitimately influenced to find that the coupling pole was broken when the trailer came in contact with the plaintiff's pickup truck at the point on the bridge where Puckett professed to have felt the jolt.

The rule is that a fact shown by direct, uncontradicted, reasonable and unimpeached evidence cannot be disproved by circumstantial evidence consistent with such direct evidence. *Neill* v. *Hill,* 32 *Ga. App.* 381, 382 (b) (123 S. E. 30); *Federal Reserve Bank of Atlanta* v. *Haynie,* 46 *Ga. App.* 522 (168 S. E. 112). But the circumstantial evidence in this instance was not consistent with, but contrary to the direct evidence of the plaintiff and his witnesses. The comparative weight to be given direct and circumstantial evidence is in such circumstances properly determined by the jury. *Saunders* v. *State,* 43 *Ga. App.* 59 (158 S. E. 433); *Moughon* v. *State,* 57 *Ga.* 102 (5); *Armstrong* v. *Penn,* 105 *Ga.* 229, 230 (5) (31 S. E. 158).

There was no evidence of any defect in the coupling pole which joined the units of the tractor-trailer, and the defendant Sharpe testified that prior to the collision it was in good condition.

The evidence being in conflict as to whether the collision resulting in the injury to the plaintiff and damage to his truck was caused by his negligence or that of the defendants a verdict denying recovery cannot be held to be without evidence to support it.

■ Special ground 1 of the amended motion asserts that the

court erroneously permitted a witness for the defendants to testify: "Q. You do not know whether the trailer came loose first or just what happened do you? A. All I know is that the pole was broken. I do not know how it happened. Q. Mr. Smith did it look like a fresh break? A. Yes. Q. Well, I will ask you, Mr. Smith, you have been working with machinery how long? A. Twelve years. Q. How long have you been working with automobiles and repairing elements that make up a truck? A. Well like I say I have been fooling with it about twelve years. Q. You have seen what it takes to break an iron pipe, hollow pole, about four or five inches in diameter haven't you? A. Yes. Q. You saw that coupling pole didn't you? A. Yes. Q. It was securely fastened wasn't it? A. Yes. Q. Did you see the other end of it attached to the wheel? A. Yes. Q. In the operation of that truck could anything in your opinion be forceful enough to break it without something hitting it? A. No something would have to hit it."

The ground of the motion states that grounds of objection to the evidence were: (a) that the witness had previously testified that he did not know how the pole was broken, and (b) because the testimony objected to was a conclusion on the part of the witness as to how the pole was broken.

The following rules must be applied in this case: that the exception to the admission of non-expert opinion, whether erroneous or not, will not result in the grant of a new trial where evidence of similar import was during the trial, allowed without objection. (*Daughtry* v. *Savannah & Statesboro Ry. Co.*, 1 *Ga. App.* 393 (3), 58 S. E. 230); where it appears that the witness testifying as to his opinion does not, as is shown by the record, have adequate knowledge of the facts upon which he bases his opinion, but it appears that the same fact is established by other competent evidence or testimony that is not objected to, the error in permitting him to give his opinion is held harmless (*Citizens National Life Ins. Co.* v. *Ragan*, 13 *Ga. App.* 29, 30 (2), 78 S. E. 683); where the plaintiff examines the witness fully on cross-examination as to the same matters as were brought out by the defendant on direct examination, and to which the plaintiff objected, the admission of the evidence when submitted by the plaintiff does not

constitute reversible error. *General Tire & Rubber Co.* v. *Brown Tire Co.,* 46 *Ga. App.* 548, 550 (3c) (168 S. E. 75); *City of Atlanta* v. *Hawkins,* 45 *Ga. App.* 847, 849 (166 S. E. 262); *Annunciatio* v. *State,* 176 *Ga.* 787 (3) (169 S. E. 3); *Rocker* v. *DeLoache,* 178 *Ga.* 480, 486 (173 S. E. 709).

In order for a ground of a motion for new trial assigning error on the admission in evidence of a non-expert opinion, to show reversible error, it must show that such witness has not in the course of his testimony laid the foundation for the introduction of his opinion, by relating facts upon which such opinion can be logically based. *Humphreys* v. *State,* 35 *Ga. App.* 386 (133 S. E. 518); *Sasser* v. *State,* 129 *Ga.* 541 (2) (59 S. E. 255); *Townsend* v. *Hames,* 40 *Ga. App.* 834 (2) (151 S. E. 665). Where a part of the evidence objected to in bulk is admissible the objection is properly overruled. *Bohannon* v. *State,* 40 *Ga. App.* 544 (150 S. E. 447); *Scott* v. *Scott,* 51 *Ga. App.* 94 (179 S. E. 593); *Streeter* v. *State,* 60 *Ga. App.* 190 (3) (3 S .E. 2d 235); *Porter* v. *Chester,* 208 *Ga.* 309, 310 (66 S. E. 2d 729).

In the instant case similar evidence to that objected to, that is opinions by non-expert witnesses as to what caused the pipe connecting the tractor and trailer of the defendants' truck to break, was admitted without objection.

The plaintiff in cross-examining the witness who gave his opinion as to cause of the pipe breaking, thoroughly examined him as to the same matter and elicited a repetition of the same opinion.

The ground complaining of the admission of the non-expert witness's opinion did not purport to set forth all of his testimony, and did not expressly negative his having given adequate facts upon which his opinion could properly be based. The ground affirmatively showed that a part of the evidence to which the objection was made was unquestionably admissible. It was certainly proper to permit the witness to say that he did not know what caused the pipe to break, and to allow him to relate that he had worked with machinery and repaired automobiles for a stated period of time. The objection stated in the ground challenged the admissibility of all of the evidence quoted and was not directed to any separate portion of it.

Since the ground of the motion for new trial which asserts that

there was error in allowing the non-expert witness to give his opinion as to the cause of the pipe breaking, failed to properly present the exception to the evidence this court cannot pass upon the merit of the ground. However, we are impressed by the view expressed by the plaintiff that the witness's testimony should be confined to matters of opinion, and not extended to matters of fact concerning which the witness does not profess personal knowledge. But the rather broad concept of our courts is revealed by the opinion in *Royal Crown Bottling Co. of Gainesville* v. *Stiles,* 82 *Ga. App.* 254 (4a) (60 S. E. 2d 815) where it said, "It was not error to allow two witnesses who did not see the collision to give their opinion as to the point of impact between the two vehicles, based on what they saw and testified about at the scene of the collision which formed the basis for their opinions, under the circumstances as disclosed in this case." There are many similar holdings.

■ Special ground two alleges that for the judge in giving a request of charge to inform the jury that he is requested by the defendant to give the instructions embraced in the request is error. The courts uniformly hold the contrary. The courts have likewise held that the judge should not state to the jury that he is requested by either party to give certain principles in charge to them. *Hamilton* v. *State,* 129 *Ga.* 747 (1) (59 S. E. 803); *Dotson* v. *State,* 136 *Ga.* 243 (71 S. E. 164); *Powell* v. *Jarrell,* 65 *Ga. App.* 453, 465 (16 S. E. 2d 198); *George* v. *State,* 25 *Ga. App.* 400 (103 S. E. 471). In some cases the effect of such a statement could, to our minds, be prejudicial.

We again disapprove of the practice and, were it not for the precedent set by the cases referred to, we might be constrained to hold the statement constituted reversible error. However, the hurtful effect of the statement was minimized by the further instructions that the traffic rules which were given in response to the request applied to both the plaintiff and the defendants.

■ Special ground 3 complains that the judge erred in charging the jury: "Now ladies and gentlemen of the jury, I have given you the law that has been laid down by the traffic regulations of this State and as applied to this case for both the plaintiff and the defendants.

■

"You will take the rules of law given you in charge and apply them to the evidence in this case and then arrive at your verdict.

"As you have already been instructed, the burden is on the plaintiff to show by a preponderance of the evidence that the defendants were negligent in one or more ways as set forth in their petition. The plaintiff in order to recover is not required to prove every act or omission set forth in his petition, but he must prove that the defendant was negligent in one or more acts before he would be entitled to recover in this case.

"Ladies and gentlemen of the jury, the defendants filed their answer in this case and they further filed a cross-action setting forth that the plaintiff herein was negligent and that the defendants are entitled to recover ·a verdict against the plaintiff herein.

"I charge you that the same burden that is on the plaintiff to make out this case by a preponderance of the evidence is also on the defendants in their cross-action and all the rules heretofore given applying to the plaintiff would also apply to the defendants in their cross-action.

"You are further instructed that damages are given in compensation for injury done. In determining what amount for damages sustained, if the plaintiff is entitled to recover for the value of his G.M.C. pickup truck then you would find the difference between the fair market value immediately before the injury was done to said truck and the value immediately after the injury was done to said truck. If you find that the plaintiff suffered injury and damage to his truck as a result of the accident as alleged in his petition it would be your duty to find for the plaintiff. If you find that the plaintiff's truck was struck as alleged in his petition, then you would subtract the value of the truck after the injury to the truck from the value of the truck before the injury to the truck and this would be the amount he would be entitled to recover for his G.M.C. truck.

"If you find that the plaintiff was negligent and that the defendant upon his cross-action is entitled to recover for the damage done to his truck and trailer then you would apply the same rules as heretofore set forth that applied to the plaintiff."

The assignment of error is that the charge excepted to is not

correct as an abstract statement of the law. Pretermitting discussion of whether a part of the charge was subject to the criticism that it misstated the law, we must hold that the ground does not show reversible error for two reasons. First, the exception was to the whole of the quoted instructions, a part of which, the first three paragraphs, appear solid and sound statements of legal principles applicable to the facts of the case.

Where a portion of the court's charge excepted to on the ground it is not correct as an abstract statement of law contains several distinct propositions of law, some of which are abstractly correct, the exception cannot be sustained. *Chandler* v. *Mutual Life &c. Assn.*, 131 *Ga.* 82 (6) (61 S. E. 1036) ; *Burden* v. *Gates,* 190 *Ga.* 300 (2) (9 S. E. 2d 245).

The excerpt of the charge excepted to was confused and not entirely accurate in instructing the jury as to the method to be employed in arriving at the amount of damage to the plaintiff's truck. But the well established rule is that where the court incorrectly instructs the jury as to the measure of damages to be applied if the jury exonerates the defendant, so that the consideration of the measure of damages is eliminated from the case, the instructions given, even if erroneous, cannot be held to prejudice the plaintiff's cause. *Thompson* v. *Powell,* 60 *Ga. App.* 796, 806 (5 S. E. 2d 260) ; *Carstarphen* v. *Central of Ga. Ry. Co.,* 8 *Ga. App.* 162 (68 S. E. 848) ; *Cohen Bros.* v. *Krumbein,* 28 *Ga. App.* 788, 789 (3) (113 S. E. 58). The charge was imperfect in that it referred to the collision resulting in injury to the plaintiff and damage to his truck as an accident. The charge was also incorrect because it permitted the plaintiff to recover though the incident was a sheer accident. So while the word "accident" was incorrectly and inappropriately employed, the third paragraph of the charge complained of was perhaps not a material error (*Atkinson* v. *Taylor,* 13 *Ga. App.* 100 (4), 78 S. E. 830), and the charge was error because it permitted the plaintiff to recover whether the collision resulting in injury to his person and damage to his truck was sheer accident or attributable to the negligence of the defendant, which error was favorable to the plaintiff. The ground does not show reversible error.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I concur in the judgment and all of the rulings made as applying to this case, but I think that in some cases where a party examines a witness on cross-examination as to the same matters as were brought out by the other party on direct examination which were admitted over objection, the admission of the evidence may constitute reversible error.