### 11160.  FIRST NATIONAL BANK OF BLAKELY *v.* WADE *et al.*

1. A partner's incumbrance of his undivided interest in partnership property to secure his individual debt is subject to the prior claims of creditors of the partnership.

2. A mortgagor's statement to the mortgagee at the time of executing a mortgage purporting to cover an undivided interest in partnership property, that he is the owner of such an interest, is not admissible as evidence in favor of the mortgagee, as against a prior purchaser of the mortgagor's interest in the partnership.

3, 4. Notice of the dissolution of a partnership or of the withdrawal of a partner is required for the benefit of creditors of the partnership, and not of creditors of a partner as an individual; and in this case the failure to give such notice before the retiring partner executed a mortgage purporting to cover his interest in partnership property did not estop the partners to whom he had conveyed his partnership interest from claiming title to the property, as against the mortgagee.

5. Failure to give to the jury an instruction not requested in writing, as to a particular conflict in the evidence, was not error. The charge of the court fully covered the substantial issues in the case.

6. The court did not err in admitting in evidence the writing showing the sale of the interest of the defendant in fi. fa. in the Wade Company.

7. There was ample evidence to support the verdict in favor of the claimants.

DECIDED APRIL 8, 1920.

Levy and claim; from Early superior court — Judge Worrill. December 13, 1919.

As security for the payment of his individual debt to the First National Bank of Blakely, P. H. Wade executed on March 23, 1918, a mortgage to that bank upon what was described as "one-fourth undivided interest in twenty-four mules owned by the Wade Company, of Early county, of which the said P. H. Wade is manager." Under a foreclosure of the mortgage a fourth undivided interest in certain mules was levied on as the property of the defendant in fi. fa. A claim to the property was interposed by T. W. Wade, J. W. Wade, and Adelaide Wade Sheppard, "doing business as the Wade Estate," and on the trial of the case it was contended that the interest of P. H. Wade in the property of the Wade Company was sold by him to the claimants before he executed the mortgage to the bank. From the evidence it appeared that a farming partnership designated as the Wade Company was formed in 1912 between P. H. Wade and the claimants, for the purpose of operating the lands of the estate of J. M. & R. W. Wade, under a written agreement which recited that it was between P. H. Wade and "the estate of J. M. & R. W. Wade as represented by executor," T. W. Wade, and which provided that P. H. Wade should be "the active manager of the company." T. W. Wade testified that under this partnership P. H. Wade took charge of the partnership property, and, as manager of the Wade Company, managed the property until February 8, 1917; that he (the witness) then made a trade with P. H. Wade in which P. H. Wade's interest in the partnership was bought; and that P. H. Wade had no interest in the mules in question or in the partnership since February 8, 1917, and the mules were owned by himself and the other claimants; that he (the witness) had "a writing or receipt from P. H. Wade, showing his release of any interest he had in the property mentioned in this contract (referring to a writing exhibited which the witness said he saw P. H. Wade sign); that "from that date P. H. Wade still acted as manager for the Wade Company, but after that date he had no interest in the property or the enterprise of the Wade Company

except to look after it and manage it on a salary;" "he still had control, management, and conduct of the business," and this arrangement continued until October, 1918. The witness "never published any notice of the release of his partnership," and "never put anybody on notice of the dissolution of the partnership," "nor of the original partnership either." The witness further testified that in 1917, after he had bought P. H. Wade's interest, he told J. S. Sherman, the president of the plaintiff bank, that P. H. Wade did not own "any part of this property, either real or personal, and that if they loaned him money 'they would do it at their own risk." This statement and other statements as to what this witness said to Sherman were contradicted in Sherman's testimony.

It was contended on the part of the plaintiff that notice of the withdrawal of P. H. Wade from the partnership should have been given, and that, under the facts of the case, the claimants were estopped from setting up title to the property in question, as against the bank. The trial judge ruled against this contention, and held that the only issue in the case was whether or not the claimants had acquired title to P. M. Wade's interest in the property prior to the date of the execution of his mortgage to the plaintiff; and the jury were so instructed.

The writing referred to by T. W. Wade as the one given to him on February 8, 1917, and to which the 6th division of the decision relates, was admitted in evidence over the objection that it was "mere hearsay and irrelevant, not a sworn statement in any way, and because nothing that P. H. Wade may have said, in writing or otherwise, would be binding on the First National Bank." In the brief of counsel for the plaintiff it is contended that this writing is incomplete and fails to identify the property, and that even if it can be treated as a bill of sale, it does not show a sale to the claimants, the purchasers named in it being "J. M. & R. W. Wade." The writing is as follows: "Blakely, Ga. Feb. 8th, 1917. Know all men by these presents that having originally contributed to the Wade Company personal property specified in the attached list, of the value of three thousand dollars ($3,000), for value received I have this day sold and conveyed to J. M. & R. W. Wade all the above described property, being all my interest in the Wade Company. Witness my hand and

seal the day and year first above written. Perry H. Wade (Seal)."
No list of the property referred to was attached to the writing.

*Glessner & Collins,* for plaintiff.   *A. H. Gray,* contra.

SMITH, J. 1. "A partner may not only encumber his undivided interest to secure a partnership debt, but he may also encumber such interest to secure his individual debt, subject, however, to the superior claim of the partnership creditors to be first paid." *Taylor* v. *McLaughlin,* 120 *Ga.* 703, 707 (48 S. E. 203, 205), and cit. Under the evidence in this case the claimants were creditors of the partnership.

2. The court did not err, as contended in the 4th, 5th, and 6th grounds of the motion for a new trial, in excluding the testimony of J. S. Sherman, a witness for the plaintiff, to the effect that while he was acting as president of the plaintiff bank he took from P. H. Wade, the defendant in fi. fa., a mortgage in favor of the bank, covering a fourth undivided interest in the property in controversy, and that Wade at that time told the witness that he owned a fourth interest in the Wade Company. The evidence shows that the bank took the mortgage a considerable length of time after P. H. Wade had sold out his interest in the partnership, and a statement by him after such sale that he owned an interest in the partnership property would not be admissible in evidence. All the other evidence, the exclusion of which is complained of in these grounds of the motion for a new trial, was properly ruled out by the lower court.

3. The court did not err, as contended in the 7th, 8th, and 9th grounds of the motion for a new trial, in holding that there was no duty on the part of the partnership to give notice of the dissolution of the partnership or the withdrawal of one of the partners, so far as it related to the plaintiff, a creditor of an individual partner. The notice which the law requires to be given of the dissolution of a partnership or the withdrawal of a partner (Civil Code of 1910, § 3163) is intended to apply only to the creditors of the partnership, and not to the creditors of an individual partner. Under this ruling there is no estoppel as against the claimants.

4. The excerpts from the charge of the court set out in the 10th and 11th grounds of the motion for a new trial, which in effect excluded the theory of estoppel or of the duty to give no-

tice of the dissolution of the partnership, are not erroneous for any of the reasons assigned, but contain a correct statement of the law as applicable to the facts in this case.

5. There was no error, as contended in the 12th ground of the motion for a new trial, in the failure to charge the jury on the conflict in the testimony of T. W. Wade and J. S. Sherman. The charge of the court fully instructed the jury as to all the substantial issues in the case, and, in the absence of a timely appropriate written request for further instructions, failure to charge on this particular matter was not error.

6. There is no merit in the contention contained in the 13th ground of the motion for a new trial, as the writing or bill of sale from P. H. Wade to the claimants was properly admitted in evidence.

7. There was ample evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

· *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*