11453.   JACKSON *et al. v.* DORSEY, Governor.

STEPHENS, J.   1. Where a scire facias has issued upon a forfeiture of a criminal recognizance, it is no defense by the surety that his principal was not brought to trial at the subsequent term of court after having made a legal demand for a trial at the former term as provided in the Penal Code (1910), § 983, when it does not appear that the principal had been discharged and acquitted or was legally entitled to be discharged and acquitted.

2. Voluntary absence from court (such as being a fugitive from justice) by one under a criminal charge, who made a demand for a trial at a former term of the court, amounts to a waiver of such demand and does not entitle him to a discharge and acquittal of the offense charged, as provided in the Penal Code, supra. *Flagg* v. *State,* 11 *Ga. App.* 37 (74 S. E. 562).

3. In view of the above ruling it is unnecessary to pass upon the other assignments of error as to rulings on the pleadings.

4. The brief of the evidence in this case consists of questions and answers and colloquies between the court and counsel, and it appearing that no bona fide effort has been made to brief the evidence as is required by law, this court will not consider any assignment of error in the determination of which it is necessary to inquire into the evidence, such as an exception to the directon of a verdict upon the ground that evidence was properly admitted or that the evidence raises an issue of fact for the jury. *Truchart* v. *State,* 13 *Ga. App.* 661(2) (79 S. E. 755), and cases cited.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 4, 1921.

Forfeiture of recognizance; from Fulton superior court — Judge Humphries. February 11, 1920.

*R. R. Jackson, John F. Echols,* for plaintiffs in error.