### 19096. O'FARRELL *v.* TEMPLEMAN.

STEPHENS, J. It appearing that no bona fide effort has been made to brief the evidence in this case by reducing it to narrative form, as is required before this court can be called upon to consider the evidence, but what purports to be the brief of evidence being questions and answers, matter excluded from evidence, objections as to the admissibility of testimony, and rulings of the court thereon, and interpolations and colloquies by counsel, this court will not consider the evidence. Civil Code, § 6093 (1910); *Roberts* v. *Rowell*, 152 *Ga.* 97 (108 S. E. 466); *Jackson* v. *Dorsey*, 26 *Ga. App.* 372 (106 S. E. 210).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

ON MOTION FOR REHEARING.

2. In a suit to recover damages for injuries to the plaintiff, alleged to have been received as the result of a collision between an automobile which he was driving and an automobile belonging to the defendant, at the intersection of two streets, a charge by the court, submitting as applicable to the case ordinances of the city in which the collision occurred, which provide that, at intersections of streets, vehicle drivers on the right of other vehicles shall have the right of way, and that

drivers failing to recognize this right of way are guilty of reckless driving, and that the driver of a vehicle, when making a left turn into an intersecting street, shall have the vehicle under full control and shall not turn until the vehicle shall have passed beyond the center of the intersecting street, was not error upon the ground that the ordinances were not applicable and imposed no duty upon the plaintiff where the approaching automobile operated by the defendant was itself being operated in violation of an ordinance of the city requiring it to be equipped with lights. The failure of the defendant to comply with a law made for the plaintiff's protection does not excuse the plaintiff's violation of a law made for the defendant's protection.

3. No error of law appears elsewhere from any of the grounds of the motion for a new trial which can be considered and passed upon without reference to the evidence.

4. A purported copy of the brief of evidence, prepared by counsel for the plaintiff in error and presented to this court with a motion for a rehearing and purporting to contain all the evidence as it appears of record, and omitting the objectionable matter as it appears of record, such as the objections as to the admissibility of testimony, and the rulings of the court thereon, interpolations and colloquies by counsel, etc., but which is not agreed to by opposing counsel, even if their consent could give it validity, can not be considered.

*Rehearing denied. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 22, 1929. REHEARING DENIED MARCH 2, 1929.

*G. Seals Aiken,* for plaintiff. *McDaniel & Neely,* for defendant.