23070. CRAWFORD *et al. v.* COOK.

DECIDED FEBRUARY 5, 1934. REHEARING DENIED MARCH 3, 1934.

*C. W. Foy, Gilbert C. Robinson,* for plaintiffs.
*Homer Beeland, Felton & Felton,* for defendant.

MACINTYRE, J. Josh Crawford and M. A. Jones, as administrator of Leola Crawford, brought a plain action of trover with bail process against the defendant in the court below for twenty bales of cotton. The trial court granted a nonsuit and the plaintiffs excepted.

There is a motion to dismiss the bill of exceptions upon the ground that the court has no jurisdiction of this case, on account of the fact that the original bill of exceptions in the case, after certification (by the trial judge), has been altered and changed by Mr. C. W. Foy, one of the attorneys of the plaintiff in error, naming him. The attorney for the plaintiff in error denies the allegation in the motion. The bill of exceptions as transmitted and filed in the clerk's office of this court appears regular upon its face. This court has no jurisdiction to hear contradictory evidence impeaching the verity of the record from the trial court. *Sweat* v. *Barnhill,* 171 *Ga.* 294 (155 S. E. 18). There is a certificate of the judge of the trial court with reference to this matter, attached to the mo-

tion to dismiss, which was made after the bill of exceptions was transmitted to this court and filed and docketed herein. This court has no power to correct a mistake in a bill of exceptions which has been approved by the trial judge and filed in the office of the clerk and duly transmitted to this court; and this is true notwithstanding the trial judge may afterwards sign a certificate stating that the bill of exceptions as approved and filed contained a mistake. *Minhinnett* v. *State,* 106 *Ga.* 141 (32 S. E. 19) ; *Hodges* v. *Powers,* 14 *Ga.* 388. A bill of exceptions approved by the trial judge and certified to this court by the clerk of the trial court as the true bill of exceptions "imports absolute verity, and can not be contradicted by aliunde proof. . . Being informed in the manner prescribed by the General Assembly that it has acquired jurisdiction of the case, this court will not entertain extraneous proof offered to impeach the record and to show want of jurisdiction." *Georgia, Florida & Alabama Ry. Co.* v. *Lasseter,* 122 *Ga.* 679 (51 S. E. 15). In *Sweat* v. *Barnhill,* supra, the court held that "the entry of the filing of the original bill of exceptions in the office of the clerk of the trial court imports verity, and can not be impeached by a subsequent affidavit of the clerk to the effect that when he signed the certificate of filing upon the original bill of exceptions he was in another county, and that such bill of exceptions was never in fact filed in the office of such clerk and was never physically in such office, and that his conduct in making the entry of filing in manner as indicated was induced by the attorney for the plaintiff in error; and the bill of exceptions will not be dismissed on such ground." As to the power of the superior court, in the exercise of its equity jurisdiction upon appropriate pleading, to set aside a judgment of the Court of Appeals which was obtained by fraud practiced upon the Court of Appeals in the procurement of its judgment, see *Wade* v. *Watson,* 133 *Ga.* 608 (66 S. E. 922) ; *Ham* v. *Preston,* 152 *Ga.* 244 (109 S. E. 505). Under the rulings announced in the foregoing authorities, the bill of exceptions will not be dismissed upon this motion.

■ The brief of evidence is largely interspersed with objections to evidence, and the rulings of the court thereon, with colloquies between the court and counsel, with questions to witnesses and the answers thereto, and with large masses of documentary evidence without any abbreviation thereof. It is apparent that no bona fide

effort was made to brief the evidence as required by section 6093 of the Civil Code of 1910; and therefore this court can not consider any assignment of error dependent upon a' consideration of the evidence. *Bishop* v. *Brown,* 138 *Ga.* 738 (75 S. E. 1119); *O'Farrell* v. *Templeman,* 39 *Ga. App.* 222 (146 S. E. 914); *Richards* v. *Mabry,* 39 *Ga. App.* 707 (148 S. E. 289); *Peek* v. *Irwin,* 164 *Ga.* 450 (139 S. E. 27); *Bennett* v. *Carter,* 168 *Ga.* 133 (147 S. E. 380); *Murray* v. *Davidson,* 174 *Ga.* 213, 217 (162 S. E. 526). The question whether the court erred in granting a nonsuit can not be determined without reference to the brief of evidence.

*Judgment affirmed. Broyles, C. J., concurs. Guerry, J., disqualified.*