27562.   NEW YORK LIFE INSURANCE COMPANY *v.*
JENNINGS.

Decided December 5, 1939.   Rehearing denied December 20, 1939.

*Wilcox, Connell & Wilcox, Ernest Weatherbee Jr., Richard Hobbs,* for plaintiff in error.

*Leonard Farkas, Walter H. Burt,* contra.

MacIntyre, J.   Mrs. Ruby E. Jennings brought suit against New York Life Insurance Company seeking to recover $3000. · It was contended that the defendant was liable to the plaintiff in that sum by reason of a double-indemnity provision in the policy issued by the .defendant to Emmette B. Jennings, the husband of the plaintiff.   The pertinent portion of the double-indemnity feature of the policy was: "Double indemnity.   Double the face of this policy upon receipt of due, proof that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent, and accidental cause, and that such death occurred within sixty days after sustaining such injury."   The allegations in the plaintiff's petition as to the accident were: "The cutting and killing by the said negroes was not provoked by any misconduct on the part of the said Jennings, and was not foreseen by him in time to have avoided it, but was wanton, causeless, unprovoked, and unexpected by the insured."   These allegations the defendant denied.   The affirmative defense was: "It is not liable to the plaintiff for the double indemnity provided for by the policy upon which her suit is predicated, for that, (a) Emmette B. Jennings, the insured, was the aggressor in the fight in which he was stabbed and· killed, and invited the risk to which he was subjected, and therefore his death did not result directly and independently of all other causes from bodily injury effected solely through external, violent, and accidental cause, within the meaning of said policy.  (b) The death of said insured resulted from a violation of law by him, to wit: the unjustified assault made by him upon Willie Barlow Sr., who inflicted the wound from which he died."   The jury returned a verdict in favor ·of the plain-

tiff for $3000, plus interest at seven per cent. The defendant's motion for new trial was overruled and it excepted.

Grounds 4 and 5. The first witness for the plaintiff was a white farmer who lived in an adjoining county, and for his convenience he was put on the stand first. He testified that Rodell Green, who was the only eyewitness for the plaintiff to the occurrence and who was subsequently introduced, was seventeen or eighteen years of age. We recognize the rule which plaintiff in error seeks to invoke that "Evidence of character to support the credit of a witness is not receivable before impeaching evidence has been adduced. This general rule is not to be varied to serve the convenience of the supporting witnesses, or because their attendance on the court is voluntary and they refuse to wait." *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751 (33) (12 S. E. 18). We think however that the rule applicable in the instant case is that the age of this witness was relevant and admissible as a fact and circumstance which the jury might consider in weighing his testimony generally, and its relevancy did not depend entirely upon the fact that it made probable his testimony later as to why he had signed a former contradictory statement. In other words, if the witness had never signed a contradictory statement his age would have been admissible as a circumstance which the jury could have considered in weighing his testimony as to what happened on the occasion in question.

The questions of the plaintiff set out in grounds 6, 7, and 8 were objected to by the defendant during the trial, and were withdrawn by the plaintiff, with the permission of the court, and no reversible error appears.

Ground 9. The instant case being a suit on the accident feature of the policy alone, if the plaintiff had proved the death of the insured and then stopped she would not have made out a prima facie case. To hold otherwise would be to allow the plaintiff, in order to make out her case, to base a presumption that death resulted from an injury on a presumption that the insured sustained an accidental injury. Such can not be done. The plaintiff must not only plead but she must also prove "accident," as set forth in the policy, in order to make out a prima facie case. To state it another way, it being a suit on the accident feature of the policy, the burden is upon the plaintiff to prove an accident such as is defined in the policy. *Peppers* v. *Sovereign Camp W. O. W.,* 53 *Ga. App.*

851, 856 (187 S. E. 215). However, where the defendant in its answer asserts that "the death of said insured resulted from a violation of law by him, to wit, the unjustified assault made by him upon Willie Barlow Sr., who inflicted the wound from which he died," this is an assertion of an exception under the double-indemnity feature of the policy (that is, death from any violation of the law by the insured) and the insurer has the burden of pleading and proving it. This is only another way of contending that the death of the insured was not accidental within the definition in the policy.

In this case, where the plaintiff contended that the insured was stabbed, and that the injury causing death was unforeseen by him, and was not a result of any misconduct or provocation on his part, and having introduced evidence relating to the circumstances under which the wound was inflicted, from which evidence the jury would be authorized to find in favor of her contention, she had made out a prima facie case coming within the rule laid down in *Travelers Ins. Co.* v. *Newsome,* 147 *Ga.* 608 (95 S. E. 4), and then the defendant, having asserted that the death of the insured had resulted from an unjustified assault by him on a third party who inflicted a wound from which the insured died, the burden was on it to plead and prove the exception under the double-indemnity feature of the policy in order to overcome plaintiff's case as made.

The court, having stated the contentions of both the plaintiff and the defendant, instructed the jury as follows: "All of these are matters for the determination of this jury under a preponderance of the evidence." (He had elsewhere explained or defined preponderance of the evidence.) "Gentlemen of the jury, in an action upon a policy insured against death resulting directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause, the burden rests upon the plaintiff, in the first instance, to make out a prima facie case showing that the death resulted solely from external, violent and accidental cause. [I further charge you that, where it is apparent that the death of the insured resulted from external and violent cause, and the issue is as to whether it was due to an accident within the meaning of the policy, or to some excepted cause, the presumption is in favor of accident and against the existence

of facts bringing the case within any of the exceptions contained in the policy. (I charge you that proof of death by external and violent causes raises a presumption that the insured's death was accidental, and this presumption is not destroyed by the fact that the evidence shows that the insured was killed by a third person.)]" (Brackets and parenthesis ours.) In effect, the charge was saying that the fact of death does not of itself create any presumption, but that it must be proved to be the result of an accident as defined in the policy. The part of the charge above quoted in brackets is not subject to the objection contained in ground 9 that it authorized the jury to find that the killing was accidental, even though there was no proof to that effect, and even though they believed it occurred in the manner contended for by the defendant. Under the evidence in the instant case, in order for the case to come within the exception under the double-indemnity feature of the policy pleaded by the defendant, the insured would have had to be guilty of an unjustified criminal assault on the person inflicting the wound from which he died, and the law presumes innocence, not guilt. "Where a person received an injury, the presumption is that it was accidental rather than the result of design." *Gaynor* v. *Travelers Ins. Co.*, 12 *Ga. App.* 601 (6) (77 S. E. 1072).

The excerpt from the charge complained of in grounds 9 and 10 in effect followed 1 C. J. 495, § 278, which is as follows: "The fact of death does not of itself create any presumption that it was the result of an accident; and where, in order to make out plaintiff's case, it is necessary to base a presumption that death resulted from an injury on a presumption that the insured sustained an accidental injury, no recovery can be had. Where, however, it is apparent that the injury to or death of the insured was the result of external and violent means, and the issue is as to whether it was due to an accident within the meaning of the policy, or to some cause excepted by the policy, the presumption is in favor of accident and against the existence of facts bringing the case within any of the exceptions of the policy, such as insanity of the insured, intentional injury inflicted by a third person, lack of due care and diligence, self-inflicted injuries, and suicide. These presumptions may, however, be overcome by facts and circumstances establishing the contrary." This charge was not reversible error.

The exception in ground 10 is to the part of the charge above

quoted in parenthesis, and it should be noted that the above extract follows the portion of the charge complained of in ground 9 and the principle as stated in 1 C. J. 495, § 278, above quoted. The court was attempting to explain to the jury the principle of law which holds that death by external, violent, and accidental means is presumed to be an accident when the issue is whether it was due to an accident or to some cause excepted by the policy, and that it is still presumed to be accidental even though it should appear that the insured was killed by a third party. There is no merit in this ground.

Ground 12 excepts to the following charge to the jury: "The plaintiff must prove her case, that is, she must prove the contract upon which she sues; prove the death of Mr. Jennings, who took out the policy, and see that she makes proof of the death according to the requirements of the policy. When that is done, then the burden is upon the defendant to show that the death or injury, the result of which caused the death for which the suit is now pending, did not come under the rule of the policy, but fell under some of the exceptions that are excluded by the policy; in other words, causes that the policy did not or does not cover." The charge here given is quoted from *Travelers Ins. Co.* v. *Wyness,* 107 *Ga.* 584, 587 (34 S. E. 113), and is fully sustained by this case.

Ground 13 complains of the following portion of the charge: "We find this statement of the law in the authorities as to an accident; it has been held that death produced by direct violence of a third party is none the less an accident as regards the insured because the injury was intentionally inflicted by the third party." This charge is fully sustained by Lovelace v. Travelers Protective Association of America, 126 Mo. 104 (28 S. W. 877, 30 L. R. A. 209, 47 Am. St. R. 638), and, considering the whole charge, no reversible error appears.

Ground 14. The judge charged in part: "The insurance company in this case denies that Mr. Jennings's death was an accidental death, and claims that Mr. Jennings demanded payment of an open account of Willie Barlow Sr., which was not owed by him, and upon his refusal to comply with the demand, that the insured, Mr. Jennings, without justification, assaulted Willie Barlow Sr. with a revolver, and that, in order to save his life, Willie Barlow Sr. drew his pocket knife and stabbed Mr. Jennings, inflicting a

wound on the left side of his neck from which he died, and that Mr. Jennings's death thus occurred within the exception to the policy, which provides that the double-indemnity benefits would not apply if the insured's death resulted from a violation of law by the insured." Complaint is made that the charge is not full and complete, and that it overlooked the defendant's first defense, to wit, that the death of Mr. Jennings was not an accident. The facts are that the court could not in one sentence, or in one paragraph, charge all of the defendant's defenses. The court was here undertaking to charge the affirmative or second defense of the defendant, to wit, that the death of the insured was within the exception of the policy, and if so the jury would be authorized to find a verdict for the defendant.

Ground 16. The following part of the charge is assigned as error on the ground that it presented to the jury a claim not made by the plaintiff: "The plaintiff, Mrs. Jennings, as a second claim in this case, says that if Mr. Jennings was the aggressor that he did not, and could not, reasonably have anticipated bodily injury, resulting in death to himself, at the hands of Willie Barlow Sr.; that her husband, Mr. Jennings, did not voluntarily assume the risk of death; that he had no reason to believe that the negro was armed, and that when he engaged in the encounter, assuming that he was the aggressor, as claimed by the insurance company, that her husband, Mr. Jennings, did not reasonably apprehend that it would result in any bodily harm to himself; that death was not a result anticipated by him, and such a result as would necessarily and naturally follow and be a proximate cause of his act, and that his death was still an accident, so far as her husband, Mr. Jennings, was concerned." The evidence authorized the charge and no reversible error is disclosed.

Grounds 17, 18. The judge charged the jury: "On this second claim, gentlemen, I charge you this rule as laid down by the authorities, namely, that [even where the insured is the aggressor, if the insured could not reasonably anticipate bodily injury resulting in death to insured at the hands of another, the beneficiary may recover.]" (Brackets ours.) Ground 17 criticized the entire excerpt quoted as being an incorrect principle of law, and ground 18 criticized that portion of the excerpt in brackets, as being an incorrect principle of law. This charge is sustained by the following

cases: *Empire Life Ins. Co.* v. *Einstein,* 12 *Ga. App.* 380, 386 (77 S. E. 209) ; Mutual Life Ins. Co. of New York v. Sargent, 51 Fed. (2d) 4; Lovelace v. Travelers Protective Association of America, supra; Hutcherson v. W. O. W., 112 Tex. 551 (251 S. W. 491, 28 A. L. R. 823) ; *Thornton* v. *Travelers Ins. Co.,* 116 *Ga.* 121, 126 (42 S. E. 287, 94 Am. St. R. 99) ; *American National Ins. Co.* v. *Chappelear,* 51 *Ga. App.* 826, 829 (181 S. E. 808).

Ground 19. The defendant complains of the following portion of the charge: "Affirmative testimony of witnesses, even though uncontradicted, is not to be accepted, if it does not bear the stamp of truth." This charge is in the very language of United States *v.* Bethlehem Shipbuilding Corporation, 28 Fed. (2d) 880, and there is no reversible error. See also *Haverty Furniture Co.* v. *Calhoun,* 15 *Ga. App.* 620, 621 (84 S. E. 138).

Ground 20. There was no evidence of general good character of the witness. An instruction by the court to the effect that where a witness has been impeached such witness may be reinstated by proof of general good character, while improperly given in the charge, was harmless under the facts. *Geer* v. *State,* 184 *Ga.* 805 (2) (193 S. E. 776) ; *Moore* v. *State,* 57 *Ga. App.* 287 (195 S. E. 320) ; *American Fidelity and Casualty Co.* v. *McWilliams,* 55 *Ga. App.* 658 (191 S. E. 191).

Ground 21. The court charged in part: "Gentlemen, if Mr. Jennings was engaged at this time in an unlawful act and the result was anticipated by him, or could have been anticipated by him, and the result was one that would necessarily and naturally follow the act, the unlawful act, and he could reasonably have anticipated it, then the plaintiff would not be authorized to recover in this case. Whether those are the facts in the case is a matter for this jury to determine." This charge is excepted to on the ground that it does not state a correct principle of law. This has been fully considered in connection with grounds 16, 17, and 18, and is not meritorious.

Ground 11 complains of the following charge: "When the insurer attempts to defend upon proof of a violation of the contract by the insured, or that the death of the insured occurred within one of the exceptions to the policy, it will be required that the insurer carry the burden which it has assumed and prove its defense by plain and unequivocal evidence." The objection is that the

charge complained of was tantamount to charging the jury that the defendant was required to carry the burden of proof, and the proof must be established by plain and unequivocal evidence that the death of the insured was not the result of accidental cause.

Ground 15 complains that the court charged in part as follows: "Of course, if you find these facts to be true, as claimed by the insurance company, and the burden of proof is upon the insurer to prove its defense by plain and unequivocal evidence that the insured, Mr. Jennings, was the aggressor, and that he was attempting to commit a felony on Willie Barlow Sr., as claimed in its answer, and that Mr. Jennings knew, or should have anticipated that Willie Barlow Sr. might kill him in the encounter, . . then the death of Mr. Jennings would not be considered accidental within the meaning of the policy, and you would be authorized to find a verdict in favor of the defendant." The same objection was here interposed as that stated in the foregoing paragraph, ground 11. Relative to both of these grounds and the objections made, we think that the case being close on its facts, the fact that the court twice in his charge, when expressly giving to the jury the law applicable to the establishment by the defendant of its affirmative defense, stated that it must "prove its defense by plain and unequivocal evidence" and that "the burden of proof is upon the insurer to prove its defense by plain and unequivocal evidence, that the insured, Mr. Jennings, was the aggressor," instead of telling the jury that it was the duty of the defendant to establish its affirmative defense by a preponderance of the evidence, was reversible error. This language is taken from *Empire Life Ins. Co.* v. *Einstein,* supra, and, in the same connection, that opinion stated: "The burden which it [the insurer] assumed was that of proving that the death of the insured was the result of his violation of the law, and we are therefore to ascertain whether the preponderance of the evidence so establishes that fact. . ." Preponderance of the evidence, or preponderant evidence, is not required to be sufficient to wholly free the mind from a reasonable doubt, but it is sufficient if it inclines an impartial and reasonable mind to one side rather than the other. For it to be plain and unequivocal, it must go further than the rule laid down by the Code for determining such issue. The charge, taken as a whole, nowhere clearly pointed out the burden which was on the defendant to establish its affirmative

defense, the language quoted being the language used when the court was attempting to define the burden of proof resting on it.

Chief Judge Broyles and Judge Guerry hold that these two excerpts of the charge (grounds 11 and 15) were such harmful error as to require the grant of a new trial. With this the writer can not agree. In the case of *Empire Life Ins. Co.* v. *Einstein,* supra, the court said "But it is one of the conditions of the policy; and, under the general rule that policies of insurance are to be construed most liberally in favor of the insured, because the contract was proposed by the insurer, this exception will be taken most strongly against the insurer. By this we mean that in a case such as that before us, where the insurer attempts to defend upon proof of a violation of the contract by the insured, it will be required that the insurer carry the burden which it has assumed, and prove its defense by plain and unequivocal evidence." While I realize it is not always correct for the trial judge to use the language of appellate court decisions in charging, I do not think the language here used was reversible error, especially where the judge, after stating the contentions of the parties said, "all of these are matters for the determination of this jury under a preponderance of the evidence;" and in the concluding portion of his charge, after having used the language objected to by the majority of the court, further charged: "Gentlemen of the jury, you will decide the material issues involved in this case in favor of that party with whom you find the preponderance of the evidence lies upon those material issues," and then immediately thereafter defined preponderance of the evidence and concluded his charge with the following: "If, on the other hand, you believe that the defendant should prevail in this case, the New York Life Insurance Company should prevail and Mrs. Jennings should not recover, under a preponderance of evidence and under the rules of law given you in charge, then, in that event, this verdict would be sufficient: 'We, the jury, find for the defendant.'"

The case is reversed solely on the exceptions stated in grounds 11 and 15 of the motion for new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur. MacIntyre, J., dissents.*

ON MOTION FOR REHEARING.

MacIntyre, J. The part of the charge complained of in ground 9 of the motion for new trial and in grounds 4 and 5 of

the motion for rehearing was in effect taken from 1 C. J. 495, § 278. We think the principle announced therein is sound, and when the judge so charged he did not commit reversible error. The instant case is distinguishable from *New York Life Ins. Co.* v. *Ittner,* 59 *Ga. App.* 89 (200 S. E. 522), cited by the defendant.

It is contended that *Travelers Ins. Co.* v. *Wyness,* 107 *Ga.* 584 (supra), is different on its facts and is therefore not controlling in the instant case. It is true that the facts may be somewhat different; however, the principle of law is the same and this contention is not meritorious.

The cases of *North Carolina Mutual Life Ins. Co.* v. *Evans,* 38 *Ga. App.* 178 (143 S. E. 449) ; Meister *v.* General Accident, Fire & Life Assurance Cor., 92 Ore. 96 (179 Pac. 913, 4 A. L. R. 718), and other cases cited as controlling of ground 18 of the motion for new trial are distinguishable from the instant case. In those cases the *uncontradicted* evidence showed that the insured was killed as a result of his unlawful assault upon the killer, and the beneficiary could not recover since the cause of death clearly came within an exception in the policy of insurance. Here the evidence was conflicting.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*