No. 39,143

STATE OF KANSAS, *Appellee*, v. HARRY NEAL, *Appellant*.

(265 P. 2d 1034)

Opinion filed January 23, 1954.

*Edward Rooney*, of Topeka, argued the cause, and *Jacob A. Dickinson, David Prager* and *William M. Dimmitt, Jr.*, all of Topeka, and *Don Wyman* and *Duane Roberts*, both of Hutchinson, were with him on the briefs for the appellant.

*John R. Alden*, of Hutchinson, argued the cause and *Fred C. Preble*, of Hutchinson, and *Harold R. Fatzer*, attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an appeal from an order of the district court refusing to permit a defendant in a criminal case to withdraw his plea of guilty.

Defendant pleaded guilty to assault with intent to kill on March 14, 1953. On March 17 he through different counsel filed a motion

in which he asked the trial court to permit him to withdraw this plea. Before this motion could be heard he filed an amended one on March 27. In this motion he alleged the plea was entered under a misapprehension of fact and law; that he had been in jail from August 28, 1952, to March 14, 1953, and such a period covered all of one term of court, most of another term and eighteen days of another term; that because of duress and coercion and lack of knowledge that the requisite time entitling him to a discharge had passed; he had not asked to be discharged; that had he been informed of his rights he would not have entered his plea of guilty but would have made immediate application for discharge pursuant to G. S. 1949, 62-1431.

The trial court made findings of fact that defendant was fully informed of his statutory and constitutional rights; that the plea of guilty was lawfully and willfully made and was not made under duress; that the plaintiff had been diligent in prosecuting and defendant had not been denied a speedy trial; that he was represented by able counsel when he pleaded guilty and he had presented no evidence which would justify the court in permitting the withdrawal of the plea. The motion for permission to withdraw the plea was denied.

The defendant has appealed. His specifications of error are that the trial court erred in refusing to permit defendant to withdraw his plea; to take advantage of the constitutional and statutory provisions in reference to a speedy trial; in oral testimony of proceedings alleged to have happened in reference to a continuance before the district court; in holding defendant was not entitled to take advantage of his constitutional right to a speedy trial; in denying defendant due process of law; and in denying him the right to be present at all proceedings had in the trial and disposition of his case.

At the outset, defendant points out certain facts not disputed. Defendant was in custody in the county jail of Reno county from August 28, 1952, until March 14, 1953, when he entered his plea of guilty. The terms of the district court of Reno county begin on the first Monday in January and April and the first Monday after the second Tuesday in September. August 28 was on a Thursday and inclusive of the 28th left two secular days in that month; the September term began September 15, which left half of September and two days in August of the April term. The September term lasted from the 15th day of September until the fifth day of January, 1953.

The January term started January 5, 1953, which left sixty-eight days until March 14, 1953, when defendant pleaded guilty.

Defendant relies on G. S. 1949, 62-1431. That section provides as follows:

"If any person under indictment or information for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found or information filed, he shall be entitled to be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term."

The above statute was enacted to carry into effect section 10 of the bill of rights, which provides amongst other things that the accused shall have a speedy trial.

As pointed out after defendant was lodged in jail, there were seventeen days of one term, then an entire term, then sixty-eight days of a third term before he pleaded guilty. He argues this lapse of time in and of itself entitled him to his discharge, pursuant to the provisions of the above statute.

The state presents a number of answers to this argument. In the first place it points out the provision in the statute that the defendant shall be entitled to his discharge unless the delay shall happen on the application of the prisoner or shall be occasioned by the want of time to hear the cause at the second term. The state presents a record where it appears that when the cause should have been tried during the fall term, its complaining witness was in Korea with the armed forces making it necessary for the state to ask a continuance. At the hearing of the motion we are considering a former district judge and the prosecuting attorney were permitted to testify that such a continuance was asked and granted by the trial judge at a conference at some undesignated time and place. No entry whatever as to such a continuance appears on either the trial docket or the appearance docket of the court.

We pause to point out we cannot and do not approve such a practice. The order should have been entered in the records of the court when made. Defendant points out the above and argues that since the trial court was a court of record, the purported order of continuance upon which the state relies was without effect to take his case out of the statute—hence he is entitled to his discharge.

We find it unnecessary to decide the force of defendant's argument on this particular point.

Some further facts were brought out at the hearing on this motion before the trial court. It is true defendant was lodged in the Reno county jail August 28, 1952. There had been some proceedings in his prosecution before that, however. The prosecution was begun by the filing of an information on September 13, 1950. On September 18, 1950, the case was set for trial on October 2, 1950. On that day defendant did not appear and his bond was forfeited. On October 14 the bond forfeiture was set aside and the case was set for trial at the January term. On January 15, 1951, he did not appear and his bond was again forfeited. During January, 1952, defendant was apprehended in California. Extradition proceedings were instituted and defendant being at liberty under bond again failed to appear. In August, 1952, he was arrested in Kansas City and returned to the Reno county jail on August 28. The remaining steps we have already detailed.

The state was ready to try defendant on two occasions within the time provided. He was not tried because he absented himself and caused his bond to be forfeited. On another occasion the state went to California to bring defendant back for trial. It was prevented because defendant again failed to appear for the extradition hearing in spite of having given bond to appear. Had he not been arrested in Kansas City the state would not be able to try him now. G. S. 1949, 62-1431, was not enacted and section 10 of the bill of rights was not adopted for the benefit of fugitives from justice.

In *State v. Aspinwall*, 173 Kan. 699, 252 P. 2d 841, under somewhat analogous facts, we held:

"Under facts set forth in the opinion defendant was not entitled to a release by reason of the state's failure to bring him to trial before his escape from custody and departure from the state.

"During the period of defendant's unlawful absence from the state he lifted himself out of the protective coverage of statutes pertaining to an early trial and out of the guarantee of a speedy trial provided by section 10 of the bill of rights of the state constitution." (Syl. 7 and 8.)

(See *Hart v. United States*, (1910; CCA 6th) 183 Fed. 368; also *Jackson et al. v. Dorsey, Governor*, 26 Ga. App. 372, 106 S. E. 210; also *Chelf v. State*, 223 Ind. 70, 58 N. E. 2d 353.)

G. S. 1949, 62-1431, would not have entitled defendant to be discharged had he asked it before his plea. There was no evidence whatever of coercion.

The judgment of the trial court is affirmed.