36010. PULLIAM *v.* CASEY.

Decided February 10, 1956.

*J. T. Sisk,* for plaintiff in error.

*Compton O. Baker, Robert M. Heard,* contra.

QUILLIAN, J. 1. The defendant contends that there was not sufficient evidence to support the verdict for the plaintiff. The facts set forth in this opinion show that there was sufficient evidence from which the jury could determine that the defendant was negligent, and that this negligence was the proximate cause of the injuries sustained by the plaintiff. The general grounds of the motion for a new trial are without merit.

2. Special ground one of the amended motion for a new trial insists that the trial judge erred in charging Code § 68-303 (c) "An operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center on the highway, so as to pass without interference." The defendant's counsel contends that this section does not apply in cases of collisions arising at intersections where one of the parties makes a left turn. With this contention we cannot agree. The statute states when meeting another vehicle coming from the opposite direction on the same highway the driver must turn to the right of the center of the highway to allow the other vehicle to pass. We cannot see how meeting another vehicle at an intersection would be any exception to this rule.

The collision occurred prior to the passage of the Uniform Traffic Code and therefore Code § 68-303 would apply to this action.

3. Special ground two of the amended motion assigns as error the charge on the principles of comparative negligence. The defendant insists that the evidence and pleadings did not warrant such a charge.

There was no evidence of comparative negligence because under the evidence the sole proximate cause of the collision was the negligence of either the defendant or the plaintiff, but not of both. Both the plaintiff and the defendant testified that the collision was the result of the other's crossing the center of the highway. The jury could not believe both, because they testified that the accident took place at different places.

While we agree that there was no evidence of comparative negligence and the charge was incorrect, it was not harmful to the defendant. If the giving of this instruction was error, it was error against the plaintiff and not the defendant. The defendant is not ordinarily allowed to complain of an instruction which is to his advantage and which in no way harms him. *Southern Railway Co.* v. *Lunsford,* 57 *Ga. App.* 53 (3) (194 S. E. 602); *Bibb County* v. *Ham,* 110 *Ga.* 340 (35 S. E. 656); *Mayor &c. of Macon* v. *Humphries,* 122 *Ga.* 800 (50 S. E. 986). This ground is without merit for the reason assigned.

4. In special grounds three and four the defendant's counsel contends that the trial judge failed to inform the jury that even if the plaintiff proved the acts of negligence alleged against the

defendant, the defendant would not be liable to the plaintiff unless one or more of the acts of negligence alleged against the defendant was the proximate cause of the injuries to the plaintiff.

The trial judge charged the jury the following: "If on the other hand he should fail to exercise that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances to prevent injury to another he would be guilty of negligence in failure to exercise ordinary care, but it would remain a question of fact for the jury to determine whether such failure was the proximate cause of injury or damage to another."

This charge covered the rule as to proximate cause. If the defendant wished any further instructions he should have requested them. *First National Bank of Blakely* v. *Wade,* 25 *Ga. App.* 132 (102 S. E. 836). The trial judge is not required to define proximate cause without a request to do so. *City Ice Delivery Co.* v. *Turley,* 44 *Ga. App.* 32 (160 S. E. 517). Special grounds three and four are without merit for the reasons assigned.

5. Special ground five has been fully discussed in the general grounds and requires no further discussion. This ground is without merit.

6. Special ground six of the amended motion for a new trial insists that the trial judge erred in charging Code § 68-303 (f), "An operator intending to start, to stop, or to turn his vehicle to the left or right shall extend the hand and arm horizontally from and beyond the left side of the vehicle." The defendant contends that this charge was error because there was no allegation in the petition to warrant it. The plaintiff alleged that the defendant "negligently drove his said truck across said highway into the path of the plaintiff's vehicle, without reasonable warning. . ."

The objective of this law was to require the driver of a vehicle to give a reasonable warning to other drivers of his intention to start, to stop or turn his vehicle to the left or right. This charge was not error for the reason assigned.

7. Special ground seven contends that the trial judge erred in charging: "Now, the burden rests upon the plaintiff to sustain by the preponderance of the evidence his allegations and contentions. In so far as the defendant seeks to recover damages from the plaintiff from his cross-petition, the burden rests upon him to sustain by the preponderance of the evidence those allegations

and contentions. By a preponderance of the evidence is meant that superior weight of evidence upon the issues involved, which, while not sufficient to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issues rather than the other." This charge was not error. *Supreme Conclave Knights of Damon* v. *Wood*, 120 *Ga.* 328 (47 S. E. 940); *New York Life Ins. Co.* v. *Jennings*, 61 *Ga. App.* 557 (6 S. E. 2d 431).

The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*