## 36991. THOMAS *v.* CARROLL *et al.*

TOWNSEND, Judge. 1. Where vehicles moving in opposite directions approach an intersection and, upon the driver of one vehicle making a left turn across the center line of the street or highway, a collision ensues, the questions as to proximate cause, comparative negligence, and the respective rights of way of the vehicles are peculiarly for the jury. See *Pulliam* v. *Casey,* 93 *Ga. App.* 324 (91 S. E. 2d 807) ; *Kirkland* v. *Wheeler,* 84 *Ga. App.* 352 (66 S. E. 2d 348).

2. If a plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. Code § 105-603. An ordinance to the effect that a driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle so close to the intersection as to constitute an immediate hazard is equally as applicable for jury consideration against the plaintiff as an ordinance restricting speed may be against the defendant. "The failure of the defendant to comply with a law made for the plaintiff's protection does not excuse the plaintiff's violation of a law made for the defendant's protection." *O'Farrell* v. *Templeman,* 39 *Ga. App.* 222 (3) (146 S. E. 914). Accordingly, although the evidence demanded a finding that the defendant was traveling at least 35 miles per hour, which was in excess of the 25 mile speed limit at that place, such a finding would not necessarily render a verdict in favor of the plaintiff mandatory, but the jury might also consider the issue of whether the plaintiff was guilty of negligence which would preclude his recovery either because of the infraction of another ordinance or because he failed to exercise ordinary care for his own safety after the negligence of the defendant was or should have become apparent to him.

3. The evidence is conflicting, both as to some of the physical facts (including the question of whether an automobile ahead of the plaintiff made a left turn) and as to what negligence constituted the proximate cause of injury to the property of both parties. Since a verdict for neither party was demanded, the general grounds of the motion for new trial are without merit.

4. Where the liability of a person sued as a joint tortfeasor, if it exists, is merely derivative from the negligence of an alleged active tortfeasor jointly sued, there can be no liability on the

part of the former if a verdict in favor of the latter is sustained. *Roadway Express* v. *McBroom*, 61 *Ga. App.* 223 (6 S. E. 2d 460). Likewise, where the verdict is in favor of the defendant, an erroneous charge on the measure of damages is harmless. *Carstarphen* v. *Central of Ga. Ry. Co.*, 8 *Ga. App.* 162 (2) (68 S. E. 848); *Cohen Bros.* v. *Krumbein*, 28 *Ga. App.* 788 (3) (113 S. E. 58). Any error in directing a verdict in favor of Mrs. Jennie Carroll, the alleged owner of the automobile, and in failing to charge as to certain damages contended for by the plaintiff are accordingly not considered since they would constitute no ground for reversal.

5. It is contended in special ground 2 that the trial court erred in failing to instruct the jury without request that the defendant Eli Carroll admitted he was speeding, and thus admitted that he was violating a city ordinance and that he was guilty of negligence per se. The court charged: "If the jury believe from the evidence that the defendant violated any portion of the provisions of law which I have read to you, then the defendant in violating such provision would be guilty of negligence per se, and if such negligence proximately caused the plaintiff's injury, then the plaintiff would be entitled to recover if the plaintiff is not barred of recovery by some other rule given you in charge." Code § 81-1104 expressly prohibits the court from stating to the jury his opinion of what has been proved. While it is not error for the court to state an admitted and uncontroverted fact shown by the evidence to exist there is no rule of law which would compel the court to do so, especially where no request to that effect is made. The charge as given on this subject is entirely correct.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 30, 1958—
REHEARING DENIED FEBRUARY 14, 1958.

*William A. Thomas*, for plaintiff in error.

*Jack Turoff, Sam F. Lowe, Jr., Smith, Field, Doremus & Ringel*, contra.

W. A. Thomas filed an action in the Civil Court of Fulton County against Jennie Carroll as owner and Eli Carroll as driver of an automobile which was involved in an intersection

collision in the City of Atlanta with an automobile owned and operated by the plaintiff. The plaintiff alleged in his petition, and testified on the trial of the case, that he approached the intersection in question cautiously, stopped, signaled both with his hand and his blinker light his intention to make a left turn into the cross street; saw the defendant approaching him from the opposite direction and "calculated he was 125 to 150 feet up the street and I could make the turn"; that if he'd known the defendant was going to be flying he wouldn't have attempted it; that the cars were approaching each other and both had the green light, and that as he made the left turn across the street the defendant hit him. Testimony of a police officer indicated the defendant's automobile had skidded approximately 60½ feet. The defendant's answer denied liability and by cross-action sought to recover damages for alleged violations of city ordinances on the part of the plaintiff. The defendant testified that he was traveling at 35 miles per hour in the right-hand traffic lane, that as he approached the intersection there was one car which made a left turn in front of him; that he saw no other car and proceeded into the intersection when the plaintiff's automobile, going about 15 miles per hour cut right in front of him and that he immediately jammed his brakes and tried to stop but slid on into the plaintiff's car, that the plaintiff did not have his blinker light signaling and defendant did not notice him giving any hand signal. The speed limit at that point was 25 miles per hour. The right front fender of the plaintiff's automobile collided with the left front fender of the defendant's automobile. At the conclusion of the evidence the trial court directed a verdict in favor of Mrs. Jennie Carroll on the theory that the evidence was insufficient to show her to be the owner of the automobile in question, and thereafter the jury returned a verdict for the other defendant. The plaintiff filed a motion for new trial on the general grounds which was amended by the addition of 3 special grounds, and the denial of this motion is assigned as error.